McGEE v. MERRIMAN.

1. MASTER'S REPORT—EXCEPTIONS—HEARING.—The case remanded for re-hearing, the Circuit Judge having improperly heard the case in open court less than ten days after notice given of the filing of the master's report, in the absence of defendant's counsel, who had filed exceptions to such report.

Before GARY, J., Abbeville, June, 1894.

In this case Hon. D. A. Townsend, judge of the Seventh Circuit, sat in the place of Mr. Justice Gary, who had been of counsel in the cause. It was an action by Henry P. McGee against Sterling C. Merriman and others, commenced August 30, 1893.

*Mr. D. H. Magill*, for appellant.

*Mr. S. O. Cason*, contra.

February 13, 1895. The opinion of the court was delivered by

MR. JUSTICE TOWNSEND. This was an action to foreclose a mortgage given by Sterling C. Merriman and others to secure the payment of three promissory notes given by the same parties to Agnew & Mattison. The said notes and mortgage were assigned to the plaintiff. Sterling Merriman and Mrs. Letitia Merriman alone answered. The issues were referred to the master. The master filed his report, and Sterling C. Merriman

filed exceptions thereto.   The case was heard at the June Term, 1894, of the Court of Common Pleas for Abbeville County, and the presiding judge overruled the exceptions,[1] and confirmed the master's report.   To this decision of the presiding judge, Sterling C. Merriman filed numerous exceptions, of which it will be necessary to consider only one, the first one.

The first exception is as follows: "1.  Because the presiding judge erred in forcing the hearing of argument on the exceptions to the master's report, and rendering judgment thereon in the absence of the defendant's attorney, and before the expiration of ten days after service of written notice of filing said report."   It appears from the "Case" that the master filed his report on the first day of June, 1894, and that written notice thereof was served upon the defendant's attorney on the 2d June, 1894.   It also appears that the presiding judge heard the case on said exceptions on the 11th June, 1894, only nine days after service of written notice of filing of the report.   The Code, section 294, says that the master's decision "may be excepted to and reviewed in like manner, and with like effect in all respects, as in case of appeal under section 290."   Section 290 of the Code provides that "either party may except to a decision on a matter of law arising upon such trial within ten days after written notice of the filing of the decision, order, or decree."   From these sections of the Code, it is clear that a hearing of the case could not be forced before the expiration of ten days after the service of notice of filing the master's report, and as the presiding judge did hear the case on the ninth day after the service of such notice, it was error.

It is, therefore, ordered, adjudged, and decreed, that the judgment below be reversed on the ground above indicated, and that the case be remanded to the Circuit Court.   No opinion whatever is expressed as to any other point raised by the appeal.

---

[1] To the master's report, served and filed June 9th.