## PRICE v. PRICE.

1. FINDINGS OF FACT by a master, sustained by the Circuit Judge, will not be disturbed by this Court, unless against the manifest weight of the testimony, or without testimony to support them.

2. EXCEPTIONS.—This Court will not consider exceptions to the master's report, not taken at the proper time and passed upon by the trial judge. It is too late to make exception for first time to such report in this Court.

Before WATTS, J., Anderson, November 12, 1894. Affirmed.

Action by Robinson, Boylston & McKeldin Co., a corporation under the laws of the State of Georgia, John R. Cary, Lewis H. Blair, F. D. Beveridge, partners under the name and style of Harvey, Blair & Co., and Co-Operative Alliance Store of Anderson, S. C. (in behalf of themselves and such other creditors as may come in and contribute to the expenses of this suit), against James A. Price, Mrs. Julia M. Price, Bank of Pendleton, E. H. Shanklin, as assignee of James A. Price, and James A. Price and H. C. Summers, partners under the name and style of James A. Price & Co., and J. H. Payne, commenced 20th June, 1893.

Judge Wallace, on November 23d, 1893, passed an order, substituting Julia A. Price for all the plaintiffs, she having bought out their claims against James A. Price & Co. Judgment for plaintiff. Defendant, H. C. Summers, appeals.

*Mr. Cole. L. Blease*, for appellant.

*Mr. R. W. Simpson*, contra.

Sept. 9, 1895.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   This action was commenced on the 20th day of June, 1893, in the Court of Common Pleas for Anderson County, and came on for trial before his Honor, Judge Watts, at the fall, 1894, term of said Court. The decree was filed on the 12th November, 1894.   Whereupon the defendant, H. C. Summers, appealed, upon the three grounds as follows:

First. Because his Honor erred in confirming the report of the master, when he should have reversed the finding of the master, that "the bill of sale from Price to Summers, coupled with. the subsequent acts and conduct of the parties, establishes a mercantile partnership between them;" when he should have decided that the bill of sale from Price to Summers did not establish a partnership between them, and that the subsequent acts of the defendant, H. C. Summers, did not make him a partner of James A. Price.

Second. Because his Honor erred in sustaining the report of the master, who decided "that the mortgages executed to the Bank of Pendleton were valid mortgages, and, under the facts, constituted a first lien upon both stocks of goods embraced therein;" when he should have decreed that the stock of goods at Pendleton should be first applied to the payment of said mortgages.

Third. Because his Honor erred in ordering J. H. Payne to turn over to Julia M. Price all original books of accounts and all other choses in action, together with all moneys collected thereon since the action was begun, belonging to James A. Price & Co., heretofore conducted at Calhoun, S. C.; when he should have held that there was no partnership between James A. Price and H. C. Summers; the goods at Calhoun, bought by Summers, were not liable for the debts of James A. Price & Co., or James A. Price.

From the "Case" we learn that James A. Price, on the 16th January, 1893, owned a mercantile establishment at Pendleton, S. C., and also one at Calhoun, S. C. He was needing money, both to pay current bills as well as to keep up his stock of goods. On that day he, having already taken an inventory of all his mercantile assets, or "having taken stock," as it is said, by his deed therefor conveyed a one-half interest in all of the assets in each store, Pendleton and Calhoun, to Henry C. Summers, at the price of $1,222.22½. As it will be seen from the exceptions, the contest is made over this paper and what followed its execution.

The plaintiff contends that it was the initial step in the association of James A. Price and Henry C. Summers *as partners*, under the firm name of James A. Price & Co.; while the defendant contends that, although a bill of sale absolute on its face of one-half interest in the firm assets, it was designed as a security for money he had already loaned Price and an additional sum he was to furnish him in the conduct of his business. Quite an array of witnesses on each side were examined, and they vary in their statements. There are some facts sworn to which are not denied. One is: James A. Price held out said Summers as his partner, under the firm name of James A. Price & Co. This was done soon after the 16th January, 1893. It was done to the Pendleton Bank. It was done to persons from whom goods were purchased. Another is: Papers, both notes and mortgages were executed in the firm name. It was in evidence that said Summers spent a good deal of his time in the storehouse of James A. Price & Co., at Pendleton, and often visited the store at Calhoun in company with James A. Price. One of his own witnesses proves that on one occasion when he, the witness, Payne, who clerked at Calhoun for James A. Price & Co., was going to be absent for the day, he left the defendant, Summers, in charge of the business there, and told him a note of *the firm* would be presented for payment at Calhoun on that

day; that the said Summers paid the note on that day. On the other hand, however, Summers denies the partnership. Some of his witnesses swear that James A. Price told them, severally, on the 17th May, 1893, that Summers was not his partner. The master found as a fact that such partnership existed. The Circuit Judge confirmed this finding. Therefore, under the well-settled rule in such cases, the concurrent finding of fact by the Circuit Judge and master will not be disturbed by us, unless without testimony in its support, or unless it is manifestly against the weight of the testimony. Certainly there is testimony to support the finding, and it is not opposed to the weight of the testimony. This exception must be overruled.

The second exception cannot be considered by us. When the master made his report, the said Summers excepted thereto, on the following grounds:

*First.* Because the master erred in deciding as a matter of law that "the bill of sale from Price to Summers, coupled with the subsequent acts and conduct of the parties, established a mercantile partnership between them."

*Second.* Because the master omitted to report the admitted claim of E. H. Shanklin, as assignee, which should be paid.

*Third.* Because the report of the master is, in other respects, contrary to the law and the evidence.

Now, it thus appears that Summers failed to except to the report of the master, on the ground embodied in his second exception now being considered. Having so failed, no such issue was presented to the Circuit Judge, and it is now too late for him to do so for the first time in this Court. The exception is overruled.

The last exception is in the same condition as the second. No exception was taken to the master's report on the ground here set out. If such exception was not taken to the master's report, it could not be considered by the Circuit Judge. This ground cannot

be taken for the first time in this Court, and it must be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.