VERNER v. PERRY.

1. APPEAL,—EXCEPTION—CODE, SECS. 290–294—CASE FOLLOWED.—A point embraced in a master's report, but not excepted to within ten days after filing, will not be considered. Following *McGhee* v. *Merriman*, 43 S. C., 103. Construing Code, secs. 290–294.

2. IBID.—IBID.—CODE, SEC. 195—DISCRETION.—If, under sec. 195 of Code, it is within the discretion of the Circuit Judge to permit an exception to a master's report not taken in time, and he declines to exercise such discretion, this Court cannot review his action.

Before WATTS, J., Greenville, January 10, 1895. Affirmed.

The action was originally brought to foreclose a certain mortgage set out in the complaint, and all persons holding liens upon the mortgaged property were made parties. Among these parties are Joseph P. Latimer, who holds a mortgage dated November 7th, 1891, and recorded May 13th, 1892, and William H. Perry, who holds as assignee a judgment in favor of W. E. Beattie, as cashier of the National Bank of Greenville, entered in the clerk's office on November 16th, 1891. The mortgage and judgment roll were both put in evidence at the hearing before the special master, without formal proof and without close inspection, and not until the cause came on for hearing before the Circuit Judge did the defendant, Perry, discover that the mortgage had not been recorded within forty days after its execution, and that the judgment held by him had been entered before the mortgage was recorded. Counsel for Mr. Perry immediately called the fact to the attention of the Court, and claimed that the report of the special master should be reversed in so far as it gives priority to the mortgage of Latimer over the judgment held by Perry, and moved the Court that he be allowed to file *nunc pro tunc* an exception making that point, if the Court should be of opinion that the matter could not be discussed under the exceptions already filed. The matter was held under advisement until January 10th, 1895, when a decree was filed confirming the report of the special master,

without referring at all to the motion made or passing in any way upon the question of priority between the parties named. The report of the special master was filed on October 26th, 1894, and the argument before the Circuit Judge was had on November 22d, 1894.

From this judgment the defendant, W. H. Perry, appeals.

*Messrs. Perry & Heyward*, for appellant.

*Mr. Jos. A. McCullough*, for Latimer, respondent.

Oct. 1, 1895. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action was begun by the plaintiffs against the defendants on the equity side of the Court of Common Pleas for Greenville County, in this State, and came on for trial before his Honor, Judge Watts, at the fall term, 1894, of said Court. The decree sustained the master's report, and was against the defendant, W. H. Perry; whereupon he appealed to this Court upon five grounds. He has abandoned three, leaving the following to be heard and considered by this Court:

IV. That the Circuit Judge erred in ignoring the motion of defendant, W. H. Perry, for leave to file an additional exception, making specifically the point that the judgment held by the defendant, W. H. Perry, has priority over the mortgage held by the defendant, Joseph P. Latimer.

V. That the Circuit Judge erred in not holding that the judgment held by the defendant, W. H. Perry, having been duly entered before the mortgage held by the defendant, Joseph P. Latimer, was recorded, and said mortgage not having been recorded within forty days after the execution, said judgment should have priority over said mortgage.

Let me consider the fourth exception. It seems that before Special Master John R. Bellinger, Esq., to whom all the issues of law and fact had been submitted, the defendant, J. H. Latimer, introduced and proved his original mortgage, with all the entries pertaining to its registration endorsed thereon, and at the same time the defendant, W. H. Perry,

introduced his judgment. Mr. Perry contended that his
judgment had priority over this mortgage. The special
master in his report decided in favor of the mortgage of
Latimer. No question was made before the special master
touching the registration of the mortgage in question. To
the report of the special master Mr. Perry filed sundry ex-
ceptions, none of which referred to the registration of this
mortgage. More than twenty-seven days had elapsed from
the filing of the report of the special master to the date
when the Circuit Judge heard the cause or exceptions to
the report of the special master. However, on that morning
Mr. Perry first had his attention drawn to the date of the
registration of this mortgage, and he accordingly moved the
Circuit Judge to allow him to add an exception covering
this point. When the Circuit Judge pronounced this decree
he overruled all the exceptions to the report of the special
master, and confirmed the same, but did not refer to the
motion of Mr. Perry to be allowed to make an additional
exception. Hence this first exception. We appre-
hend that this will prove an immaterial error on the
part of the Circuit Judge, if this Court should reach
the conclusion that the appellant had no right to add this
exception, inasmuch as more than ten days had elapsed after
the report had been filed, and that appellant was obliged in
law to make his exception within the said ten days. Refer-
ence is made to sections 290, 294, 344, and 345 of the Code
of Civil Procedure of this State. This Court, in *McGhee* v.
*Merriman*, 43 S. C., 103, passed on sections 290 and 294,
and in effect held that the exceptions there contemplated
must be taken within ten days after notice of the filing of
the report of the master or special master. Let us see if
the remaining sections, 344 and 345, throw any light on
this subject. According to the view which prudence sug-
gests in construing these sections, so far as they contain any
reference to sections 290 and 294, in their application to
exceptions made to the reports of masters or special masters
or referees, they only give to a Circuit Judge the power to

review the findings of fact and conclusions of law as embodied in such reports, and to reverse, modify or affirm the same, and have no bearing in fixing the time limited to making and serving the exceptions. This view of this matter has obtained at the bar for many years. Rule 30 of the Circuit Court lends force to this construction in a measure. Ten days being fixed as the time in which exceptions must be taken to such reports. It would seem that this ground of appeal is untenable, especially in view of the decision in *McGhee* v. *Merriman*, *supra.*

But suppose, under section 195 of the Code of Civil Procedure, it is within the discretion of the Circuit Judge, he has not exercised such discretion. Indeed, his decree is not consistent with any exercise of such discretion on his part. This conclusion on our part almost renders it unnecessary to examine the fifth ground of appeal. If the question submitted by appellant in this fifth ground of appeal could not come before his Honor unless covered by an exception on this point to the report of the special master, it is very certain that this Court cannot consider it. Let the grounds of appeal be dismissed.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.