## BROWN v. ROGERS.

1. AN EXCEPTION alleging error of referee in stating account of partnership in form of firm account and not in form of the firm with an individual as the firm conducted its business, is too general.

2. INTEREST should not be allowed on an account from date of filing report of referee appointed to take the accounting, but from date of judgment on the report.

3. EQUITY—COSTS.—Accounting between partners is an action in equity and Judge may decree who is to pay the costs.

4. EXCEPTION alleging error in report of referee because he had no authority to report on certain matters, not considered because not made in exceptions to his report.

5. FINDINGS of fact in partnership accounting sustained.

Before PURDY, J., Florence, November, 1903. Modified.

Action by M. M. Brown against S. D. Rogers and J. F. Stackley. From judgment for plaintiff, defendant. Rogers appeals.

*Messrs. Willcox & Willcox* and *George Galletly,* for appellant.

*Messrs. W. F. Clayton* and *S. W. G. Shipp,* contra.

February 27, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to settle the affairs of the partnership, that existed between the plaintiff and the defendant, Rodgers.

The Court appointed a special referee, to state the account between the parties, with leave to report any special circumstances, as well as his reasons for allowing or disallowing any items which may be claimed.

The referee in his report finds, that the defendant is due the plaintiff the sum of $2,137.13, and interest, if the Court should find that interest is due.

The case was heard upon numerous exceptions to said report, all of which, except six, were overruled.

On the 6th of November, 1903, his Honor, the presiding Judge, ordered the entry of judgment for the sum reported by the special referee (after deducting the sums mentioned in the decree), with interest from the 5th of March, 1903, the day on which said report was filed.

The defendant appealed from said decree, and the first question for consideration is whether his Honor, the Circuit Judge, erred in overruling the following exceptions to the report of the special referee: "The referee erred

1    in stating said accounts, in the form of firm accounts, but he should have first stated same, in the form of an account of S. D. Rodgers with the said firm,

following the form of accounts kept by the members of the firm, and mutually acquiesced in by them." Even if there was error, the exception fails to specify in what respect it was prejudicial to the appellant.

The next question that will be considered is, whether the Circuit Judge erred in allowing interest from the date of the report, which was filed in March, while the decree was not filed until November, 1903. Section 1660, of the Code of Laws, is as follows: "In all money decrees and judgments of Courts enrolled or entered; in all cases of accounts stated, in all cases where any sum or sums of money shall be ascertained, and being due, shall draw interest, the legal interest shall be at the rate of seven per cent. per annum."

This section shows that interest is recoverable upon an account stated.

The ruling of the Circuit Judge was erroneous, unless the report of the special referee can be regarded as an account stated, which is defined in 1 Enc. of Law, 437, as "an agreement between parties who have had previous transactions of a monetary character, that all the items of the accounts representing such transactions are true, and that the balance struck is correct, together with a promise, express or implied, for the payment of such balance."

On the same page it is said: "The importance of an account stated, is due to the fact that it operates as an admission of liability, from the person against whom the balance appears, or, in the language of the common law, 'the law implies that he against whom the balance appears, has engaged to pay it to the other,' and, on this imputed promise or admission, an action may be brought." See, also, page 443 and 1 Cyc., 364.

There is no testimony in the record, from which the inference could be drawn, that the appellant admitted the correctness of the account stated by the referee, and the case does not come within the principles just stated. This exception is sustained.

The next error assigned is, because the Circuit Judge did not order that the costs be paid out of the partnership assets. This is an equitable action; therefore the Court had the discretionary right to determine by whom the costs should be paid; and there was no abuse of discretion.

The exception assigning error, in that the referee was not empowered by the order of reference to report upon certain matters mentioned in the report, cannot be sustained, for the reason, among others, that no such question was raised by the exceptions to said report.

All the other exceptions merely assign error in findings of fact. The burden rests upon the appellant to show by the preponderance of the evidence, that the findings were erroneous; but he has failed to satisfy this Court of such fact.

The plaintiff has also appealed from certain findings of fact; but for the reason just stated, the exceptions are overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be modified in the particular hereinbefore mentioned, and in all other respects affirmed.