## 7363

### ALEXANDER v. HERNDON.

1. APPEAL.—This Court will not consider an objection that Circuit decree is not consistent with the case made by the complaint and not embraced in the issue unless the point is made by exception to the master's report and to the Circuit decree.

2. EVIDENCE—PAROL—TIMBER.—In suit to enforce a contract to convey land, parol testimony is not competent to show vendor reserved growing timber.

3. DEBTOR AND CREDITOR—WAIVER.—Where a creditor before debt due wrongfully takes the property of his debtor, sells it and retains the proceeds, more than enough to pay the debt, he thereby waives his right to hold the debt as an investment until maturity and to insist the debtor has forfeited the contract by failing to pay when due.

Before GAGE, J., Colleton, November term, 1907. Affirmed.

Action by Mamie Alexander against A. H. Herndon. From judgment for plaintiff, defendant appeals.

*Messrs J. S. Griffin* and *C. C. Tracy,* for appellants. *Mr. Griffin* cites: *Reservation of timber could be shown by parol:* 34 Vt., 480; 1 Ency., 436, 438; 7 Ency., 443, 447; 1 Green. on Ev., sec. 296; 16 S. C., 35; 3 S. C., 332; 21 S. C., 400; 24 S. C., 594; 26 S. C., 80; 41 S. C., 163; 53 S. C., 548; 56 S. C., 480; 57 S. C., 60; 59 S. C., 467; 61 S. C., 166. *Written contract alone affords plaintiff no cause of action:* 16 S. C., 352; 26 S. C., 312; 31 S. C., 313; 41 S. C., 153. *Husband of plaintiff acted as her agent:* 1 Ency., 333, 336; 55 Ala., 367; 38 N. J., 39; 15 Neb., 335; 49 Ia., 126: 1 Ency., 434, 442; 2 Green Ev., sec. 59, 60, 61; A. & E., Dec. in Eq., 357.

*Messrs. Howell & Gruber,* contra, cite: *Reservation of standing timber cannot be shown by parol:* 79 S. C., 134; 69 S. C., 93; 6 S. C., 61; 57 S. C., 60; 58 S. C., 125; 52 S. C., 133; 48 S. C., 337; 46 S. C., 220; 34 S. C., 330; 46 S. C., 372. *Defendant cannot be heard to object to plaintiff's non-performance:* 26 Ency., 41. *Agency cannot be shown by declarations of an agent:* 58 S. C., 201.

November 5, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an action for the specific performance of a contract of which the following (formal parts omitted) is a copy: "The party of the first part agrees, that if the party of the second part, her heirs or assigns, shall make the following payments to party of first part, his heirs or assigns, the full and just sum of $300, in the following instalments, to wit: $20 cash on the signing of this agreement, and $55, on the 15th day of October, 1906, and $75, on the 15th of October, 1907, and $75, on the 15th day of October 1908, and $75, on the 15th day of October, 1909, with 8 per cent. interest, payable annually, on the whole, the party of the first part agrees that, if the payments are made as above stated, and at the time stated, to

make to party of the second part a title deed to the following piece of land (description), and the above stated amounts of money is the full purchase price for said lands, its further agreed by party of the first party to bind himself, and his heirs or assigns, to make a good and warranty deed to the above mentioned premises, provided party of the second part, keep up the payments or cause them to be kept up, according to the terms of this contract, then these presents to remain in full force and effect, otherwise to be entirely null and void.

"Witness our hands and seals this 27 day of February, 1906."

The plaintiff alleged the execution of the contract, the payment of $20, in cash, her possession under the contract, and that soon thereafter, the defendant, without her knowledge or consent, sold nearly all the pine timber on the tract, and received the money therefor, and refused to credit same on her contract; that the timber sold was worth $275, and, after being allowed credit therefor, she owed defendant only $5, which she was ready and willing to pay. She prays that defendant account for the value of the timber sold by him, and that it be credited on her contract, and that defendant be required to make titles to her, and for general relief.

The answer admitted the contract, denied all the other allegations of the complaint, and alleged that, by its terms, the contract was null and void, because plaintiff had not paid the installment due on October 15th, 1906; and that, at the time of making the contract, by agreement with plaintiff, defendant reserved the timber on the land covered by the contract.

The case was referred to the master to take the testimony, and report his findings of fact and conclusions of law.

On objection by plaintiff, the master excluded parol testimony offered by defendant to prove the alleged parol reservation of the timber, as tending to vary and contradict the written contract, and as being obnoxious to the statute

of frauds. The testimony was, nevertheless, taken, subject to objections. The master found the value of the timber sold by defendant to be $500, and held that the contract was fully paid by crediting the same thereon, and recommended that defendant be required to specifically perform the contract, by executing titles to the plaintiff. He also found that, even if the parol testimony was admissible, it failed to establish the reservation of the timber by defendant.

The Circuit Court confirmed the master's report, and decreed accordingly.

The defendant's exceptions impute error to the Circuit Court as follows:

1. In excluding parol evidence to prove the reservation.

2. In holding that the contract could be specifically enforced before October 15th, 1909, the date the last payment will be due.

3. In not holding that the contract was void, because plaintiff failed to pay the installment due October 15th, 1906.

Before considering the exceptions, it will be proper to state that appellant's attorney contended, in argument in this Court, that the Circuit Court erred in granting the plaintiff relief, which was not consistent with the case made by the complaint, and embraced within the issue. This contention is based upon the allegation of the complaint that the timber was worth $275, and, after crediting that amount on her contract, she owed $5, which she was ready and willing to pay; whereas, the decree holds that the whole contract was satisfied by the receipt by defendant of the proceeds of the sale of the timber. This point was not raised by any exception to the report of the master, nor to the Circuit decree. Therefore, we cannot consider it.

The evidence excluded was clearly inadmissible. The written contract was to convey the land. Growing timber

is a part of the land. Therefore, evidence of a parol agreement that it should be reserved by defendant went directly to vary and contradict the written contract, as much so as if it had been offered to prove a contemporaneous parol agreement to reserve a part of the land itself, or some estate or interest therein; and it was also obnoxious to the statute of frauds. *Coward* v. *Boyd,* 79 S. C., 134, 60 S. E. 311, is conclusive of the question. It becomes necessary, therefore, to inquire whether the master and Circuit Judge erred in holding that there was no testimony to prove that plaintiff's husband was her agent, because the sole purpose of proving his agency was to introduce his declarations to prove the parol agreement.

Ordinarily, a creditor cannot be required to accept payment before the debt is due, because, by the terms of the contract, he has the right to hold the investment, until the debt is due. But he may waive that right, and accept payment before maturity of the debt. *Pyros* v. *Fraser,* 82 S. C., 498. In this case it has been found that the creditor, acting wrongfully, sold the property of the plaintiff, the subject of the contract, and received the proceeds of sale, which, in conscience and equity, belonged to her, and were more than enough to pay the debt. In doing so, he must be held to have waived his right to hold the debt, as an investment, until maturity.

"Forfeitures of contracts are not favored in equity and are not implied, but must be clearly established, as the courts always construe conditions so as to save a forfeiture, if it can be fairly done. They are construed strictly, and all conditions must be fully complied with in order to effect a forfeiture." 29 A. & E. Ency., 682. In vol. 26 of the same valuable work, at page 41, it is said: "Where plaintiff's failure to perform conditions precedent has been due solely to the defendant's misconduct, or default, the latter will not be heard to object to plaintiff's non-performance, in

an action for specific performance, and a decree will be rendered notwithstanding the failure to perform."

In *Prothro* v. *Smith,* 6 Rich. Eq., at page 332, the Court said: "In general, a party asking specific performance of a contract, must show that he has performed all that on his part he is bound to perform; but this doctrine is not to be pushed in any case so as to work great injustice, and it has feebler application to the case of a purchaser who merely has money to pay, where delay of payment may be usually compensated by interest than to the case of a vendor. In this Court, time is not usually of the essence of the contract, although it may be made so by express stipulation of the parties, in the contract itself, which is not the case here, or by the act of one of the parties, fixing a reasonable time for the completion of the contract, and giving notice to the other party of intention to abandon the contract, unless it be completed within the time fixed. When this latter course is pursued by a party who is in no default himself, and who tenders a present performance of the stipulations on his side, it will be *prima facie* a bar to demand a specific performance by the other party, made after the time limited. If the other party do not proceed in the assertion of his rights promptly after such notice, he is considered as acquiescing in his notice, and abondoning his right to the equitable remedy."

In this case the plaintiff presents a reasonable excuse for her failure to pay the installment due October 15th, 1906, to wit, the fact that defendant had sold her timber, and received the proceeds of sale, which, in good conscience and equity, belonged to her, and amounted to more than enough to satisfy the whole debt.

Judgment affirmed.