10430

COOPER v. McLAUGHLIN.

(103 S. E. 523.)

1. APPEAL AND ERROR—QUESTION NOT MADE BY PLEADINGS OR MASTER'S REPORT NOT CONSIDERED.—On appeal from decree of Circuit Court on master's report, the Court will not consider a question not made by the pleadings or by the master, but raised in the first instance by the Circuit Court.

2. REFORMATION OF INSTRUMENTS—DEED WILL BE REFORMED TO SUPPLY UNINTENTIONAL OMISSION.—Where vendors' agent in pointing out land to purchaser, designated a particular tract as a part of the land to be sold, and where such tract was included in the land described by the contract for sale, the deed will be reformed so as to include such tract as a part of the land conveyed; such having been the intention of the parties.

Before TOWNSEND, J., Richland, Summer term, 1919. Affirmed.

Action for specific performance by Robt. M. Cooper against John McLaughlin *et al.* From judgment for plaintiff, the defendant, T. J. McLaughlin, appeals.

*Messrs. C. N. Sapp* and *Jas. S. Verner,* for appellant, cite: *Grantor may describe lands by general terms and except therefrom particular parts:* 85 S. C. 182. *And such excepted portions do not pass:* 13 Cyc. 678. *Grantee will not be heard to say that the intention was to include other lands in a deed than those described:* 93 S. C. 385.

*Messrs. McLeod & Dennis* and *Thos. H. Tatum,* for respondent. No citations.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This action is by Cooper against the McLaughlins for the specific performance of a contract by the McLaughlins to sell a parcel of land to Mr. Cooper.

The controversy arises out of these circumstances: The McLaughlins owned a tract of land in Richland, which contained some 4,000 acres. They offered to sell it to Mr. Cooper for a lump sum of $24,000, and that offer was evidenced by a signed paper, commonly called an option, wherein the lands were described as follows:

"All that piece, parcel or tract of land, situate, lying and being in Richland county on the public road leading from Camden to McCord's or Garner's Ferry, and known as the old McLaughlin place, containing 3,700 acres, more or less, and is bounded by lands of the estate of Thomas Campbell, deceased, of Thos, Wilson, Sam Henry, Haithcocks, M. M. Ellis, estate of Thos. Brown, of Sammons, and of Frank Wright, and also the Germantown lands."

Thereafter Mr. Cooper and one of the McLaughlins, called in the testimony Dr. Bush McLaughlin, and who had

the written power of attorney to act thereabout for all the McLaughlins, went on and over the lands to inspect it, and so much as what was then said and done will be presently stated. Thereafter Mr. Cooper advised the McLaughlins that he would execute the option, and a deed was made to him by all the McLaughlins, and Mr. Cooper paid them the purchase price. In the deed the land is thus described:

"All that piece, parcel or tract of land situate, lying and being in the county of Richland, on the public road leading from Garner's Ferry to Camden, known as the McLaughlin Mill Plantation, and containing about thirty-nine hundred (3,900) acres, and is bounded on the north by land of the estate of Thomas B. Campbell, deceased, originally a part of the said plantation; on the west by lands of Thomas Wilson, V. T. McLaughlin, Robt. Harris, M. M. Ellis and Haithcocks; on the south by lands of the estate of Thomas Brown, Sammons and estate of Frank Wright; on the east by land of the estate of Frank Wright, estate of Kelley and the Germantown lands now owned by R. M. Cooper. The original tract as shown by a plat of —— Boykin, containing forty-four hundred (4,400) acres, but three tracts not included in the conveyance have been sold off by the life tenant. A tract of three hundred and four (304) acres was sold to A. H. Van Bokelin. A tract of one hundred acres was deeded to Frank Wright. A tract of 100 acres was deeded to Marion V. McLaughlin. Leaving a balance of thirty-nine hundred (3,900) acres in the original tract, which amount is herein and hereby conveyed to the said R. M. Cooper."

It is apparent that the description, both in the option and in the deed, is by adjacent proprietors, and is very general.

The present issue is about "a tract of 100 acres * * * deeded to Marion V. McLaughlin," and declared in the deed "not included in the conveyance." After the conveyance to Mr. Cooper all the McLaughlins, other than T. J., con-

veyed to T. J. McLaughlin their interest in the 100-acre Marion V. tract, sometimes alleged to contain 190 acres, and he is the present claimant and the appellant from the Circuit decree.

The Circuit Court held: (1) That the Marion V. tract was included in the description of the lands conveyed to Cooper by the McLaughlins, and that the aforementioned declaration in the deed that it was not so included did
1, 2  not operate to defeat the precedent conveyance; and
(2) that if the disputed parcel was not so included, it nevertheless had been the intention of the parties that it was to be included, and the deed ought to be reformed so as to carry out the intention of the grantors and grantees. The first question was not made by the pleadings or by the report of the master; it was first made by the Circuit Court. We shall, therefore, not consider it, but the second question alone. About that we are satisfied that both the master and Circuit Court have concluded aright.

Dr. Bush McLaughlin acted for the other McLaughlins. He and Mr. Cooper went on the land to inspect it after the option was executed, but before the bargain was struck and the deed made, as before recited; and the land in issue was then located by the hand and words of Dr. McLaughlin, and Mr. Cooper was then assured by Dr. McLaughlin that it was part of the land about to be purchased by him. There is no question about that. Mr. Cooper so distinctly and circumstantially testified, and there is no tesimony to the contrary, Dr. McLaughlin did not deny it, and the inference is that he concurred in what Mr. Cooper testified to. It is idle for the appellant to point to the deed as conclusive evidence of what the parties intended to do; that is like a person identifying himself by himself. The parties put their hands on a particular piece of land, and marked it as the thing bargained for, and the deed must yield to that transaction. Therefore, as matter of fact, Dr. McLaughlin, acting for all

the McLaughlins, and Mr. Cooper both intended the Marion V. parcel should be included in the tract about to be sold, and as matter of equity the deed should be so written as to carry out that intention; and the master is directed to execute a deed for the grantor and present claimant, T. J. McLaughlin, to the plaintiff, or to those who now·have succeeded to his interest, if such be the case.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and WATTS concur.

MR. JUSTICE FRASER did not sit.