17300

GEORGE W. WHITE, Appellant, v. CARRIE W. LIVINGSTON,
Respondent

(98 S. E. (2d) 534)

*Messrs. Crum & Crum,* of Denmark, and *Moss & Moss,*
of Orangeburg, for Appellant,

*Marshall B. Williams, Esq.,* of Orangeburg, *for Respondent,*

June 4, 1957.

STUKES, Chief Justice.

Appellant and respondent are brother and sister. He brought this action in equity against the respondent upon his complaint which alleged, in substance, that he was the owner in fee and in possession of several parcels of real estate in the town of North worth $8,000.00 or more which were encumbered by his four mortgages to others aggregating in principal $2,105.00 and he had the most of the money in hand with which to pay the indebtedness but wished to use it for repairs and improvements; he requested respondent, his sister, to assist him in refinancing the indebtedness, which she agreed to do; appellant went to her home in Columbia and was taken to the office of a nearby magistrate (who is now dead) and there he executed an instrument which he thought was a mortgage and was told that it was for five years at six per cent interest; he did not read it because of difficulty with his eyes; he was instructed by respondent to meet her on a later day in Orangeburg, which he did and accompanied her to the office of a lawyer (who appears from the evidence to have

been appellant's lawyer, and who is now also dead); appellant was paid nothing; they then went to an insurance office where he signed papers, thinking that he was transferring the insurance policies to a new mortgagee; puzzled by the transactions, about a month afterward he investigated and found of record his deed of the property to respondent which recited consideration of $2,257.65, and a subsequent mortgage of the property from respondent to a Mrs. Wise to secure a stated indebtedness of $2,000.00; he also found of record satisfactions of his four mortgages.

It was further alleged in the complaint that the deed executed by appellant was without consideration and the result of having been misled by respondent to believe that he was refinancing his mortgage indebtedness; that the conduct of respondent was false and fraudulent; she took possession of the property, except the home in which appellant and his mother live, and has been receiving the rents amounting to $30.00 a month or more; the purported consideration of the deed was about the amount of the mortgage indebtedness plus a fee for refinancing and, quoting from the complaint, "plaintiff (appellant) has been advised that the entire transaction might be considered an equitable mortgage, which he would have the right to redeem, but lately plaintiff (appellant) has discovered that defendant (respondent) has executed a mortgage over the same premises * * * for the sum of $2,500.00 * * *." It was further alleged that the indebtedness on the property has been increased although respondent has been receiving the rents, which should have reduced it, and the execution of the recent mortgage shows respondent's intention to assert title to the property in violation of the right which appellant may have to redeem the premises; further that appellant has with difficulty concluded that respondent, who occupied a relation of confidence with him, intends to defraud him of his property, and appellant has made written demand upon respondent for the reconveyance of it but has heard nothing from her. The prayer of the complaint was for reconveyance of the property by respondent

and an accounting by her for rents and the increased mortgage indebtedness, etc.

The answer of respondent contained a limited general denial and alleged that appellant approached her and said that his mortgagees were threatening foreclosure and proposed that if the respondent would assume the mortgage indebtedness he would convey the property to her, to which she agreed; she accepted the conveyance and paid the outstanding mortgages, which were satisfied; for a second defense it was alleged that appellant for valuable consideration executed and delivered to respondent the warranty deed in fee simple, whereby respondent is the owner of the property.

It appears from the evidence that the deed, which recited consideration of $2,257.65, was prepared in Orangeburg by appellant's lawyer, although executed in Columbia on Dec. 14, 1945, recorded in Orangeburg Dec. 20, 1945, under the supervision of the lawyer; and the action was commenced on Jan. 27, 1949. The property includes the modest home of the mother of the parties, title to which appellant had obtained from her for a nominal consideration. Appellant and his mother have continued to live unmolested in the home without rent or other charge by respondent who testified that she has nevertheless repaired it.

The case was referred generally to the county judge as special referee and he took the evidence. He found and reported that the action was to set aside the deed on the grounds of fraud, but that appellant failed to prove the allegations of his complaint and that the deed is valid and the complaint should be dismissed.

Appellant excepted to the referee's report on several grounds. The second exception imputed error in the finding that the deed was valid, quoting from the exception: "the error being that the preponderance of the evidence establishes the fact that the said deed is an equitable mortgage given for the purpose of securing the repayment of a loan." However, there was no exception

to the finding of the referee that, quoting from the report, "(the action) is for the purpose of setting aside a deed on the grounds of fraud." It thereby became the law of the case. *Verner v. Perry*, 45 S. C. 262, 22 S. E. 888. *Sanitary & Aseptic Package Co. v. Shealy*, 205 S. C. 198, 31 S. E. (2d) 253.

The court held that the gravamen of the complaint is that the execution of the deed was procured by respondent's false and fraudulent representation that it was a mortgage which appellant, having trust and confidence in respondent, his sister, and relying upon the truth of her representation, executed without reading; but the court concurred with the referee that there was no fiduciary relationship between the parties and that the allegation of fraud was not proven. The appellant in his appeal to this court did not argue his exceptions to these concurrent findings of fact and those exceptions are therefore considered as abandoned.

The court expressed concern because of the apparent inadequacy of the consideration and the absence of a clear explanation of why the conveyance was made on those terms. The last paragraph of the judgment is quoted, as follows: "A number of circumstances to which the courts have given weight in construing absolute deeds as mortgages undoubtedly are present in this case. They would have tended strongly to support allegation and testimony that the parties had agreed upon the deed to stand as security. But neither plaintiff nor any other witness so testified. Consequently, when his testimony as to fraud in the execution is rejected, the natural presumption that the deed was intended to operate as a conveyance must prevail, for nothing remains to rebut it. It may be that plaintiff has lost his case by claiming too much."

The foregoing was stated as a second reason for overruling the exception that the referee erred in failing to find that the deed was an equitable mortgage and given to secure the repayment of a loan, which is quoted in part

hereinabove. It was first said by the court that the exception assumes that the complaint contained a cause of action for the construction of the deed as a mortgage, apart from the charge of fraud in its execution. It was held, however, that this was not the theory on which the case was tried before the referee, and appellant's then counsel's brief, which he filed with the referee, did not so contend; he confined his citations to cases relating to fraud in the execution of deeds, to the exclusion of authorities upon the theory of equitable mortgage. Thereupon it was held by the court that under Section 10-1412 of the Code of 1952, which provides that the decision of a referee may be, quoting from the statute, "excepted to and reviewed in like manner and with like effect in all respects as in cases of appeal under §§ 10-1511 and 10-1512," an important limitation on the right of review requires adherence to the theory on which the case was tried below. Sections 10-1511 and 10-1512 relate generally to appeals upon exceptions, as will be seen by reference to them.

The exceptions to the report of the referee were overruled and it was confirmed and made the judgment of the court. Appeal to this court followed.

Regardless of whether appellant may have had a meritorious cause of action to have the deed construed as a mortgage, which we do not consider, we agree with the trial judge that such relief is not available to him because he did not seek it by his complaint and did not offer his own or other testimony that such was the intention of the parties to the deed. The case was tried before the referee, consonant with the allegations of the complaint, as an action to set aside the deed for fraud, which it was. It is well settled that one cannot present and try his case on one theory and thereafter advocate another theory on appeal. *Watson v. City of Orangeburg,* 229 S. C. 367, 93 S. E. (2d) 20, was a case in equity in which judgment for the plaintiff was reversed and it was held that whether plaintiff might have proceeded by way of mandamus would not

be considered on appeal because the action was not directed to that end; plaintiff had in fact proceeded by pleading and proof upon another theory, upon which the case was tried, and only that theory of plaintiff's alleged right was for consideration on appeal; it was further said that the theory upon which the case was tried must be strictly adhered to on appeal. The rule is, of course, equally applicable to cases at law. It was stated and applied in *Wilson v. Southern Railway Co.,* 123 S. C. 399, 115 S. E. 764. It appears to have been last reaffirmed in *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873, which was an action in equity. Other decisions may be found in 3 S. C. Dig., Appeal and Error, Key 171, p. 334 et seq.

Just reason for the rule is very plain here. Relating it to the facts of the case, respondent was alerted by the complaint to defend against the charge of fraud in the procurement, execution and delivery of the deed, which she did successfully in the trial before the referee. She was not noticed to defend against the claim that it was intended as a mortgage. It would be unfair to her to require that she resist such claim after the trial before the referee and when his decision was before the court upon exceptions to it. The trial, with its opportunities to defend, was over. It is said that the rule is the result of another, more familiar rule, as appears in the following quotation from 4 C. J. S., Appeal and Error, § 241 a, p. 465: "One of the most important results of the rule that questions which are not raised in the court below cannot be raised in the appellate court is that a party cannot, when a cause is brought up for appellate review, assume an attitude inconsistent with or different from that taken by him at the trial, and that the parties are restricted to the theory on which the cause was prosecuted or defended in the court below. Accordingly, where both parties act upon a particular theory of the cause of action, they will not be permitted to depart therefrom when the case is brought up for appellate review."

It may be added that the evidence adduced before the referee indicates that the result of the case is not a serious miscarriage of justice, if it is a miscarriage at all. At any rate, appellant has made his bed and he must lie in it.

He seeks to avoid the foregoing rule, the effect of which is fatal to his appeal, upon the contention that Section 10-1412 of the present Code, which refers to reports of referees and masters and review thereof upon exceptions, is not applicable to cases in equity; and they, as we understand the argument, should be tried by the court *de novo* (despite reference and report), without the restriction of exceptions or, indeed, without any exceptions. In support of the contention there are cited the old cases of *Thorpe v. Thorpe,* 12 S. C. 154, and *Fields v. Hurst,* 20 S. C. 282. (Cf. *Meetze v. Charlotte, C. & A. R. Co.,* 23 S. C. 1, which was a case at law.) They were decided soon after the adoption of the Constitution of 1868 and soon after the first enactment of the code in 1870, and when the latter was of different form than afterward and now; and if they hold as is contended by appellant, which we need not determine, they are no longer authoritative in view of the many relevant subsequent decisions upon appeals in equitable actions, which involved the point. We proceed to review some of them.

In *Wagener v. Mars,* 27 S. C. 97, 2 S. E. 844, which was an action to set aside deeds for fraud, the court declined to consider exceptions because the grounds of them had not been raised by exceptions to the master's report. *McGee v. Merriman,* 43 S. C. 103, 20 S. E. 971, 972, was an action in equity to foreclose a mortgage. The report of the master was considered by the court within ten days after the filing of it, and the exceptions to the report were overruled. This court reversed and said: "Code, § 294, says that the master's decision 'may be excepted to and reviewed in like manner, and with like effect in all respects as in case of appeal under section 290.' Section 290 of the Code provides that "either party may except to a decision on a mat-

ter of law arising upon such trial within ten days after written notice of the filing of the decision, order or decree'." The code sections, of course, bore different numbers at that time, but the contents are seen to be of the same purport as those of the current code of 1952 which the trial court cited and applied to this case.

*Verner v. Perry, supra,* 45 S. C. 262, 22 S. E. 888, 889, was also a mortgage foreclosure action in equity in which it was held that an exception to the report of the special master which came after ten days from the filing of the report would not be considered. The following is from the opinion: "Reference is made to sections 290, 294, 344, and 345 of the Code of Civil Procedure of this State. This court, in *McGee v. Merriman,* [43 S. C. 103] 20 S. E. 971, passed on sections 290 and 294, and in effect held that the exceptions then contemplated must be taken within 10 days after notice of the filing of the report of the master or special master. Let us see if the remaining sections 344 and 345 throw any light on this subject. According to the view which prudence suggests in construing these sections, so far as they contain any reference to sections 290 and 294, in their application to exceptions made to the report of masters or special masters or referees, they only give to a circuit judge the power to review the findings of fact and conclusions of law as embodied in such reports, and to reverse, modify, or affirm the same, and have no bearing in fixing the time limited to making and serving the exceptions. This view of this matter has obtained at the bar for many years. Rule 30 of the circuit court lends force to this construction in a measure. Ten days being fixed as the time in which exceptions must be taken to such reports, it would seem that this ground of appeal is untenable, especially in view of the decision in *McGee v. Merriman, supra.*"

*Price v. Price,* 45 S. C. 57, 22 S. E. 790, 792, involved the settlement of the affairs of a partnership. We quote from the opinion: "Now, it thus appears that Summers failed to except to the report of the master on the ground embodied

in his second exception, now being considered. Having so failed, no such issue was presented to the circuit judge, and it is now too late for him to do so for the first time in this court. The exception is overruled. The last exception is in the same condition as the second. No exception was taken to the master's report on the ground here set out. If such exception was not taken to the master's report, it could not be considered by the circuit judge. The ground cannot be taken for the first time in this court, and it must be overruled."

Partnership settlement was also the issue in *Brown v. Rogers,* 76 S. C. 180, 56 S. E. 680, 681, in which it was held and said: "The exception assigning error, in that the referee was not empowered by the order of references to report upon certain matters mentioned in the report, cannot be sustained, for the reason, among others, that no such question was raised by the exceptions to said report." *Alexander v. Herndon,* 84 S. C. 181, 65 S. E. 1048, 1049, was for specific performance. It was held: "This point [a contention of appellant] was not raised by any exception to the report of the master, nor to the circuit decree. Therefore we canont consider it." *Cooper v. McLaughlin,* 114 S. C. 332, 103 S. E. 523, 524, likewise was an action for specific performance. Upon exceptions to the report of the referee the court decided the issue upon two grounds. This court disposed of one of them as follows, quoting from the opinion: "The first question was not made by the pleadings or by the report of the Master; it was first made by the circuit court. We shall therefore not consider it * * *." It is seen that this case, in legal effect is of striking similarity to that in hand. *Sanitary & Aseptic Package Co. v. Shealy, supra,* 205 S. C. 198, 31 S. E. (2d) 253, 254, was an action for injunction. It was tersely said: "The exceptions on appeal raised some questions which were not raised in the exceptions to the report of the Master. We can only consider such questions as were presented in the Court below. *Verner v. Perry* [*supra*]." *Wyman v. Davis,* 223 S. C. 172, 74 S. E. (2d) 694, 699, was a partnership account-

ing in which we said: "Therefore, the second question that is attempted to be made in argument was not raised by the exceptions which are before us. The same was true with reference to the exceptions to the master's report so that the trial court did not pass upon the precise question which is sought to be made for the first time in the brief here. For that reason it is unavailable to appellants."

In *Wolfe v. Herlihy,* 218 S. C. 90, 61 S. E. (2d) 764, 768, this court adopted as its judgment on appeal the circuit decree of the distinguished judge who tried the case at bar. In the decree he said: "In fact, this allegation of the complaint has gone completely out of the picture because of plaintiffs' failure to except to the Special Referee's failure to give any weight to it."

In conformity is Circuit Court Rule 16 which by its terms applies to "all cases of reference", and requires exceptions by a dissatisfied party within ten days after notice of the filing of the report. It was held applicable in the equity case of *Fogel v. McDonald,* 159 S. C. 506, 157 S. E. 830. The provisions of Rule 16 are duplicated, at least in part, by Rule 30 which was cited in *Verner v. Perry, supra,* 45 S. C. 262, 22 S. E. 888.

Clearly, appellant is mistaken in his contention that the cited procedural statutes (and circuit court rules) are not applicable to action in equity.

The exceptions are overruled and the judgment affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.