17374

Benjamin S. WISE, Respondent, v. Edward I. PICOW *et al.,* individually and as co-partners doing business under the name of Allan's, Appellants

(101 S. E. (2d) 651)

238

*James D. Walters, Esq.,* of Columbia, *for Appellant,*

*Messrs. Edens & Woodward* and *R. K. Wise,* of Columbia, *for Respondent,*

January 6, 1958.

Moss, Justice.

This is an action by Benjamin S. Wise, respondent-plaintiff, against Edward I. Picow and Sara G. Picow, doing business under the name of Allan's, appellants-defendants, for an accounting to ascertain the amount due the plaintiff from the defendants and for judgment for the amount so determined.

It appears from the evidence and from the pleadings that on January 16, 1950, the defendants entered into a contract with the National Shoe Company, by the terms of which said shoe company was assigned certain space in the store of defendants with the right to sell therefrom shoes, hosiery and kindred accessories. The cash received from such sales was handled by the cashier of the defendants and from the gross amount received weekly or monthly 11% thereof was to be deducted as rental for the space and services rendered by the defendants in connection with the business, and the balance paid over to plaintiff.

It further appears that on May 8, 1952, the contract existing between the defendants and the National Shoe Com-

pany was assigned to Joe Isenberg, a brother-in-law of the plaintiff. An agreement was signed by Joe Isenberg and the defendants which acknowledged the transfer of the contract to the said Joe Isenberg.

The complaint alleges that Benjamin S. Wise purchased the business of National Shoe Company and entered into an agreement with the defendants whereby the plaintiff was to have certain space in the defendants' store for the purpose of selling therefrom shoes, hosiery and kindred accessories, upon the same terms as was contained in the original contract. The complaint alleges that the defendants gave notice in September, 1953, that the agreement would be terminated on February 1, 1954, and the plaintiff was required to vacate the premises on January 30, 1954. It is also alleged that the plaintiff unsuccessfully attempted to secure an accounting from the defendants. This action followed.

The defendants answered the complaint and denied the allegations thereof. They asserted also that there was not now, and never had been in the past, any agreement, written, oral or implied, between the plaintiff and the defendants concerning the use of a portion of the defendants' store for the purposes aforesaid. They also assert that the plaintiff did operate the said shoe department located in their store, but only as an employee of some other person, firm or corporation, who had a lease agreement with the defendants. They denied that there was any contractual relationship between the plaintiff and the defendants. The defendants also filed a counterclaim, asserting that the plaintiff sold shoes and withheld knowledge of such sales from the defendants, thereby depriving them of the 11% of such sales as rent for the use of the shoe department. They further assert that because of the fraudulent conduct of the plaintiff in failing to report such sales, they were entitled to damages in the sum of $10,000.00.

This action being one in equity for an accounting, a general Order of Reference to the Master of Richland County,

South Carolina, was made. After taking the testimony the Master filed his Report in which he found that the plaintiff was entitled to recover the amount due him for the months of December 1953, and January 1954, in the total amount of $2,396.96. He also found that the plaintiff owed the defendants on merchandise sold on "the lay away" plan, not reported and handled by the defendants through the cash register. He also found that the defendants were entitled to payment for advertising and window display expenses, making a total due the defendants in the amount of $415.55, leaving a balance due the plaintiff by the defendants in the sum of $1,981.41, which said amount should draw interest at the legal rate from February 1, 1954. He accordingly recommended judgment in favor of the plaintiff against the defendants for this sum.

At appropriate stages of the hearing before the Master, the defendants moved for a dismissal of the action on the ground that the entire claim, the basis of this action, is predicated on a written lease for the operation of the shoe department by Joe Isenberg, and that the plaintiff is not a party to the lease, and whatever amounts may be due by the defendants is due to the holder of this lease, Joe Isenberg, and not to the plaintiff. They assert that the plaintiff is not the real party in interest and hence not entitled to maintain this action.

The Master found in connection with this defense, the following:

"That the plaintiff, Benjamin S. Wise, is a brother-in-law of Joe Isenberg. Joe Isenberg has given testimony under oath that this assignment was procured for the benefit of plaintiff, and the acknowledgment and acceptance were entered into with Allan's for the sole benefit and use of his brother-in-law, Benjamin S. Wise, plaintiff herein. It appears from the evidence that all of the dealings of the defendants in connection with the operation of the business subsequent to the assignment were with the plaintiff herein; all checks, disbursements and all business of any nature in

connection with the operation of the Shoe Department were between the plaintiff and the defendants herein; and all checks were made to Allan's Shoe Department, and the endorsement on cancelled checks before this Court show they were all endorsed by the plaintiff herein."

The plaintiff testified that he furnished the money to purchase the shoe department and operated the same as his own. He further testified that his brother-in-law, Joe Isenberg, endorsed certain notes for him in order to finance the purchase and operation of the store. These notes were paid by the plaintiff.

Joe Isenberg appeared as a witness for the plaintiff and testified that even though the lease to the store was taken in his name that the entire ownership and operation of the store was that of the plaintiff herein, and that he acted solely for the benefit of his brother-in-law, and that Mr. Picow knew this. He said he signed the documents because Mr Picow asked him to execute same. He further testified that he had not "one dime" interest in the store and that it was entirely the separate and distinct business of the plaintiff. He further testified that Mr. Picow let Mr. Wise have the department on "my account". He further testified that Mr. Picow made out checks to Mr. Wise and that he knew that the witness had nothing to do with the department financially and that plaintiff was the owner of the shoe department.

Mrs. Ethel Davis was an employee of the shoe department and testified that the plaintiff was the owner thereof and that he paid the salaries and commissions of the employees. She also testified that when the defendants made out the May 1952 statement that they changed the word "National" by inserting the word "Wise". This testimony shows that the defendants recognized the plaintiff as the successor to the National Shoe Company.

Edward I. Picow testified that the defendants' agreement was with Joe Isenberg. He further testified that he understood that Isenberg was to be the owner of the shoe depart-

ment and the plaintiff was to operate same for him. However, he admitted that all checks made in settlement of accounts were delivered to the plaintiff and endorsed by him.

The defendants contend that the plaintiff has no right to institute this action as he is not the real party in interest. They plead as a defense the provisions of Sec. 10-207 of the 1952 Code of Laws of South Carolina, which provides that "Every action must be prosecuted in the name of the real party in interest * * *."

It should be stated that all of the testimony given in this case was, so far as the record indicates, unobjected to by the defendants. There was ample evidence in the record to sustain the findings made by the Master and confirmed by the Circuit Judge that the plaintiff was the real party in interest and, hence, had a right to institute the action.

This is an action for an accounting and, hence, it is equitable in nature. *Town of Myrtle Beach v. Suber,* 225 S. C. 201, 71 S. E. (2d) 352; *Jefferies v. Harvey,* 206 S. C. 245, 33 S. E. (2d) 513. This being true, we are bound by the rule that in an equity case the findings of fact by a Master and concurred in by the Circuit Judge are conclusive upon this Court and will not be disturbed unless it is shown that such findings are without any evidence to support them, or are against the clear preponderance of the evidence. *Dean v. Dean,* 229 S. C. 430, 93 S. E. (2d) 206.

In the case of *Brady v. Brady,* 222 S. C. 242, 72 S. E. (2d) 193, 195, we said:

"Agreements should be liberally construed so as to give them effect and carry out the intention of the parties. In arriving at the intention of the parties to a lease, the subject matter, the surrounding circumstances, the situation of the parties, and the object in view and intended to be accomplished by the parties at the time, are to be regarded, and the lease construed as a whole. Different provisions dealing with the same subject matter are to be read together.

*Bolt v. Ligon,* 144 S. C. 218, 142 S. E. 504; 32 Am. Jur., Sec. 127, Page 130, 131."

We think that the Master in his findings, which were confirmed by the Circuit Judge, construed the agreement between the parties so as to give effect to and carry out the intentions of the parties. The testimony supports the holding that it was the intention of the parties to the contract made by the defendants with Joe Isenberg that such was for the benefit of the plaintiff herein. It was reasonable for the Master to conclude that it was the intention of the defendants and Joe Isenberg that the plaintiff herein would own the shoe department and operate the same in the defendants' store. The contract made between the parties was one for the benefit of the plaintiff.

This Court has held in numerous cases that a contract between two persons for the benefit of a third, even though he be not named therein, can be enforced by such third party. *Standard Oil Co. of New Jersey v. Powell Paving & Contracting Co.,* 139 S. C. 411, 138 S. E. 184, rehearing denied 140 S. C. 39, 138 S. E. 544; *Johnson v. American Railway Express Co.,* 163 S. C. 191, 161 S. E. 473, and the cases therein cited.

We conclude that the Master and the Circuit Judge did not commit error in finding that the plaintiff was the real party in interest in this action and had a right to institute such, even though he was not a party to the written lease.

The defendants also complain that the Court was in error in allowing interest from February 1, 1954, the effective date of the termination of the contract here in question.

A review of the record shows that the defendants did not raise this question before the Master nor was there any exception to the Master's Report when he recommended that the sum found by him to be due plaintiff bear interest from the date of the termination of the contract.

We have held in numerous cases that it is not proper to consider questions which were not raised in exceptions to the Master's Report. *Taylor v. Taylor,* 229 S. C. 92, 91 S. E. (2d) 876; *Sanitary & Aseptic Package Co. v. Shealy,* 205 S. C. 198, 31 S. E. (2d) 253; *Verner v. Perry,* 45 S. C. 262, 22 S. E. 888.

For the foregoing reasons we are of the opinion that the judgment of the lower Court should be affirmed.

Judgment affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.