THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Kenneth Lovette
 Young, Appellant.
 
 
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2009-UP-505
 Heard October 6, 2009  Filed November 5,
2009    

AFFIRMED

 
 
 
 Appellate Defender LaNelle DuRant, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott,
 Assistant Attorney General Julie M.
 Thames, all of Columbia, Kevin Scott Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Kenneth Lovette Young appeals
 the circuit court's refusal to sever his trial from that of his co-defendant,
 as well as the court's admission of certain items into evidence.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  
1. As to Young's
 severance motion:  See I'On, LLC v. Town of Mount Pleasant, 338 S.C.
 406, 422, 526 S.E.2d 716, 724 (2000) (holding that in order for an issue to be
 preserved for appellate review, it must have first been raised to and ruled
 upon by the circuit court); Tupper v. Dorchester County, 326 S.C. 318, 324
 n.4, 487 S.E.2d 187, 190 n.4 (1997) (stating an appellant cannot bootstrap an
 issue for appeal by way of a co-defendant's objection); White v. Livingston,
 231 S.C. 301, 307, 98 S.E.2d 534, 537 (1957) (citation and quotation marks
 omitted) ("[A] party cannot,
 when a cause is brought up for appellate review, assume an attitude
 inconsistent with or different from that taken by him at the trial, and [. . .]
 the parties are restricted to the theory on which the
 cause was prosecuted or defended in the court below."). 
2. As to the admission of
 items into evidence:  State v. Adams, 377 S.C. 334, 337, 659 S.E.2d 272,
 274 (Ct. App. 2008) (recognizing the admission of evidence is left to the
 discretion of the circuit court and will not be reversed absent an abuse of
 discretion).
AFFIRMED.
HEARN, C.J., and KONDUROS,
 J., and LOCKEMY, J., concur.