## 19281

RICHLAND-LEXINGTON AIRPORT DISTRICT, Respondent, v.
VIP AVIATION OF COLUMBIA, INC., Appellant
(183 S. E. (2d) 448)

*Harrell M. Graham, Esq., of Turner, Padget, Graham,
& Laney,* Columbia, *for Appellant,*

*Eugene F. Rogers, Esq. of Rogers, McDonald, McKenzie & Fuller,* Columbia, *for Respondents,*

*Harrell M. Graham, Esq., of Turner, Padget, Graham & Laney,* Columbia, *for Appellant, in Reply.*

September 1, 1971.

*Per Curiam.*

Upon consideration of the record and briefs of counsel we are satisfied that the order of the lower court, which will be reported herewith, correctly disposed of this cause.

It might not be amiss to point out that the portion of the rental unpaid by the appellant accumulated over a four year period, ending August 31, 1969, such unpaid portion representing slightly more than 2% of the total rent due by appellant under the terms of its lease during that period.

Whether or not Miller was granted "terms more favorable than" those contained in appellant's lease has to be determined in the light of the facts and all provisions of both leases, and not by considering a single provision, or lack thereof, in either of the respective leases, the scope and purposes thereof being quite diverse. In arriving at the intention of parties to a lease, the subject matter, surrounding circumstances, situation of the parties and object in view and intended to be accomplished by the

parties at the time are to be regarded and the lease construed as a whole. *Wise v. Picow*, 232 S. C. 237 101 S. E. (2d) 651. When both leases and their various provisions are considered in the light of the facts disclosed by the record, we conclude that the appellant has failed to demonstrate that Miller was "granted terms more favorable than" appellant within the meaning and intent of that language as used in appellant's lease. The judgment of the lower court is

Affirmed.

Moss, C. J., and Lewis, Bussey, Brailsford and Littlejohn, JJ., concur.

## ORDER OF JUDGE GRIMBALL

Plaintiff owns and operates the Columbia Metropolitan Airport under authority of an act of the General Assembly creating the District. It brought this action for the recovery of rent alleged to be due it by Defendant by reason of a lease and concession agreement dated September 30, 1963, as amended, wherein certain ground area and privileges were granted to Defendant. Under the agreement rent is computed by way of a formula including ground rental, a percentage of gross income, and a fuel flowage fee.

The Defendant operates what is known as a Fixed Based Operation at the Columbia Metropolitan Airport. Included in the agreement is the right to sell gasoline. A charge is made by Plaintiff to Defendant based on the amount of fuel delivered to the Defendant. The agreement with specific reference to fuel flowage fees is as follows:

"C. *Fuel Flowage Fees*. In addition to the fixed ground rental provided in Paragraph A above, and as a part of the pecuniary consideration herefor, Lessor shall be entitled to collect and Lessee agrees to pay a fuel flowage fee for each gallon of aviation fuel delivered to the airport for Lessee's consumption or sale, * * *

Said fuel flowage fees shall be as follows: 1. For the period of 10-1-63 through 9-30-73, the fuel flowage fee shall be at the rate of 2 cents ($0.02) per gallon."

Plaintiff contends that Defendant failed to report and pay the fuel flowage fees for the fuel delivered to it and by reason thereof underpaid Plaintiff by Two Thousand Nine Hundred Sixty and 08/100 ($2,960.08) Dollars.

The Defendant admits that the amount claimed is properly stated but contends that Plaintiff is barred from this action by reason of the following provision in Article IX of the lease:

"A. *Limitation of Contract to Others.* Lessor covenants and agrees not to grant terms more favorable than those contained in this Lease to any other Fixed Base Operator who may become a tenant of the Airport."

It contends that the Plaintiff entered into a lease on August 22, 1966, with Miller Aviation, Inc., and under this lease was granted terms more favorable than those contained in the lease with Defendant, in that Miller Aviation was not charged fuel flowage fee on aviation fuel delivered to Miller Aviation, Inc., for its own consumption.

The matter came to be heard before the Court pursuant to Motions for Summary Judgment filed by both Plaintiff and Defendant. It appears that the issue is whether or not Plaintiff has discriminated against Defendant by granting to Miller Aviation, Inc., a lease with terms more favorable than those contained in the lease with Defendant herein.

The VIP lease, copy of which was introduced in evidence and will be included in the record, is one wherein the Lessee has multiple rights, concessions, duties and responsibilities and grants concessions to Lessee which make it what is known in the trade as a General Fixed Based Operator. The lease with Miller Aviation, copy of which is included with the record, grants to it limited rights. Miller's rights make it what is known in the trade as a Limited Fixed Based Operator. It is excluded from providing aviation services or performing aeronautical activities other than those specifically permitted in the lease. The distinctions between the rights of the two classes of operations are rec-

ognized in the VIP lease as reference to Article IX (A) will show.

The following rights are granted to Defendant but are not granted to Miller:

"(2) The maintenance, storing and servicing of aircraft, which shall include overhauling, rebuilding, repairing, inspection and licensing of same, and the purchase and sale of parts, equipment and accessories therefor.

"(4) The sale of aircraft fuels, lubricants and propellants at said Airport, except at specific places on said Airport, as may from time to time be designated by Lessor. The sale of said fuels, lubricants and propellants shall include the right to use vehicles necessary for the servicing of aircraft in the sale of said fuels, lubricants and propellants.

"(12) The maintenance of offices and operations or undertaking of any phase of aviation activity for profit related to or in any way contributing to air transportation or aerial navigation."

By the terms of its lease, Miller is specifically prohibited from:

"(8) Sale of Petroleum products.

"(9) Maintenance and repair of aircraft other than owned aircraft."

Miller's lease does not prohibit it from repairing its own airplanes. In order to fly its aircraft Miller must purchase fuel from someone. The Plaintiff does not charge a fee for the fuel which Miller purchases and places in its own aircraft. This is the discrimination complained of by Defendant.

It appears that the terms of the two leases are different and diverse. The rights, duties and responsibilities vary. This Court cannot say that Defendant has been discriminated against, nor can it see where the Miller lease is more favorable to Miller than is the Defendant's lease to Defendant.

It would, therefore, follow that Plaintiff's Motion for Summary Judgment should be granted in the amount of Two Thousand Nine Hundred Sixty and 08/100 ($2,-960.08) Dollars. The question of whether Plaintiff is also entitled to recover interest on said amount and reasonable attorney's fees should be left open for further argument and the taking of testimony. Upon motion of counsel, this matter will be scheduled for hearing.

Plaintiff's Motion for Summary Judgment is granted, and Defendant's Motion for Summary Judgment is denied.

And it is so ordered.