16539

BRYAN v. BRYAN ET AL.

(66 S. E. (2d) 609)

*Messrs. Conner & Conner* of Kingstree, *for Appellants,*

*Messrs. Shuler & Harrel* and *E. W. Cantwell,* of Kingstree, and *Henry E. Davis,* of Florence, *for Respondent,*

August 29, 1951.

OXNER, Justice.

This is a suit in equity to set aside a judgment at law on the ground that it was obtained through fraud. It is here on an appeal from an order overruling a demurrer to the complaint.

In June, 1948, Elizabeth J. Bryan, Harry O. Lifrage and Vivian B. Lifrage brought an action against J. G. Bryan for the recovery of damages on account of the loss of their tenants and sharecroppers. It was alleged that the defendant

threatened the colored tenants and sharecroppers on plaintiffs' farms with violence if they continued to use certain roads which were the sole means of ingress and egress to and from said property, and that as a direct consequence thereof, they became intimidated and left and plaintiffs were unable to obtain other tenants or sharecroppers. The defendant conceded that the plaintiffs and their tenants had the right to use said roads but denied making the alleged threats or doing any other act causing damage to the plaintiffs. The above action was tried in November, 1948,, and resulted in a verdict for the plaintiffs in the sum of $3,000.00 actual damages and $2,000.00 punitive damages. The defendant made a motion for a new trial, which was refused. From the judgment entered on said verdict, defendant appealed and in an opinion filed on September 12, 1950, said judgment was affirmed. *Bryan v. Bryan*, 217 S. C. 555, 61 S. E. (2d) **177.**

On October 20, 1950, the action now before us was brought by J. G. Bryan, the defendant in the action above mentioned, against Elizabeth J. Bryan, Vivian B. Lifrage and H. O. Lifrage, plaintiffs in that action, for the purpose of vacating and setting aside the judgment recovered against him upon the ground that it was obtained by false and perjured testimony. An injunction against the enforcement of said judgment was also sought and for this reason the Sheriff of Williamsburg County was added as a party defendant in the instant case.

It is alleged in the complaint that on the trial of the action against J. G. Bryan, one of the witnesses for the plaintiffs, I. M. Boyd, falsely testified that he sold $4,800.00 worth of tobacco grown in 1948 on plaintiffs' lands when in fact no tobacco whatsoever was planted on said farms during that year; that Harry O. Lifrage, one of the plaintiffs in said action, falsely testified that in 1947 he sold from the lands of plaintiffs $4,510.22 worth of tobacco and $2,551.75 worth of cotton when in fact he did not sell either that much to-

bacco or cotton; and that Ida Holliday, another witness for the plaintiffs, falsely testified that in several conversations with J. G. Bryan, he forbade her to use the roads in controversy and threatened her and her husband with violence if they did so, but since the trial the said Ida Holliday has admitted under oath that said testimony was false. It is further stated that Robert McCrea gave certain material testimony in favor of the plaintiffs and that it has been recently discovered that said witness was at the time of the trial and is now mentally incompetent.

J. G. Bryan further alleged in the instant action that said perjured testimony was wholly unknown to him at the time of the trial and could not have been discovered by the use of due diligence; that he did not know what testimony the plaintiffs would offer at said trial and had no reason to anticipate false and perjured testimony; that he had only recently discovered that "practically all of the material testimony introduced against him in the trial of the aforesaid case was false, perjured, fabricated and fraudulent"; and that except for such false testimony, the plaintiffs would never have obtained a verdict against him.

The defendants in the instant action interposed a demurrer to the foregoing complaint upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled by an order dated December 28, 1950, from which the defendants have appealed.

Does an action in equity lie to set aside the judgment upon the grounds stated in the complaint?

There is no doubt that a court of equity has inherent power to grant relief from a judgment on the ground of fraud. However, not every fraud is sufficient to move a court of equity to grant relief from a judgment. Generally speaking, in order to secure equitable relief, it must appear that the fraud was extrinsic or collateral to the question examined and determined in the action in which the judgment was rendered; intrinsic fraud is not sufficient for

equitable relief. In 31 Am. Jur., Judgments, Section 655, page 232, it is stated: "Equitable relief from a judgment is denied in cases of intrinsic fraud, on the theory that an issue which has been tried and passed upon in the original action should not be retried in an action for equitable relief against the judgment, and that otherwise litigation would be interminable; relief is granted for extrinsic fraud on the theory that by reason of the fraud. preventing a party from fully exhibiting and trying his case, there never has been a real contest before the court of the subject matter of the action."

There is considerable diversity of opinion as to whether false testimony alone constitutes a sufficient ground for equitable relief against a judgment resulting from it. "Although some cases sustain the doctrine that equity may grant relief against a judgment obtained by means of false testimony, provided it was procured, concocted, and intentionally produced by the successful party, the weight of authority is to the effect that ordinarily there is no ground for equitable interference with a judgment in the fact that perjury or false swearing was committed by such party or his witnesses at the trial, at least where the perjurous or false evidence was not accompanied by any extrinsic or collateral fraud, and related to issues or matters which were or could have been considered in the original cause." 49 C. J. S., Judgments, § 374. Also, see 31 Am. Jur., Judgments, Sections 595 and 662; Annotations 16 A. L. R. 397, 88 A. L. R. 1201 and 126 A. L. R. 390.

One of the leading cases on the subject is *United States v. Throckmorton*, 98 U. S. 61, 25 L. Ed. 93. It was there held that perjured evidence is a species of intrinsic, not extrinsic, fraud and that an action in equity will not lie to set aside a judgment merely because it was obtained by perjured testimony. Some doubt has been expressed in some of the Federal decisions as to whether the rule adopted in the *Throckmorton case* has been subsequently modified or overruled. See *Publicker v. Shallcross*, 3 Cir., 106 F. (2d) 949,

126 A. L. R. 386; Note 21 Columbia L. Rev., page 268. However, we find the following footnote in a dissenting opinion by Mr. Justice Roberts in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U. S. 238, 64 S. Ct. 997, 1009, 88 L. Ed. 1250: "The distinction between extrinsic and intrinsic fraud is not technical but substantial. The statement that only extrinsic fraud may be the basis of a bill of review is merely a corollary of the rule that review will not be granted to permit relitigation of matters which were in issue in the cause and are, therefore, concluded by the judgment or decree. The classical example of intrinsic as contrasted with extrinsic fraud is the commission of perjury by a witness. While perjury is a fraud upon the court, the credibility of witnesses is in issue, for it is one of the matters on which the trier of fact must pass in order to reach a final judgment. An allegation that a witness perjured himself is insufficient because the materiality of the testimony, and opportunity to attack it, was open at the trial." The *Throckmorton case* seems to be followed by the Court of Appeals of this Circuit. *Aetna Casualty & Surety Co. v. Abbott*, 130 F. (2d) 40, 43. It was there stated: "Even if the language be construed as charging that the judgment sued on was procured by means of perjured testimony, this would not be sufficient; for it is well settled that this constitutes no ground upon which the court could disregard the judgment or deny its enforcement in an independent proceeding. The frauds which justify such action in an independent proceeding between the same parties or their privies are those which are extrinsic or collateral to the matter tried, and not frauds, such as perjured evidence, which were 'actually presented and considered in the judgment assailed' ".

Although the rule above mentioned has been at times severely criticised, see *Publicker v. Shallcross, supra;* Notes 22 Harv. L. Rev. 600, and 49 Harv. L. Rev. 327, the state courts, with a few exceptions, hold consistently that false testimony alone does not constitute sufficient cause for equitable relief from a judgment obtained thereby.

The question is apparently a novel one in this jurisdiction. No case has been cited by counsel and our independent investigation has disclosed none, passing precisely upon the question of whether an action in equity will lie to set aside a judgment obtained by perjured testimony. However, it was held in *Turner v. Southern Railway Co.*, 121 S. C. 159, 113 S. E. 360, that the defendant was entitled to a new trial upon the ground of after-discovered evidence where it was undisputed that the plaintiff had given false or erroneous testimony relating to his damages.

After careful consideration, we are convinced of the soundness of the general rule that where a judgment results from a trial in which there was false swearing, an independent action in equity will not lie between the parties or their privies to set aside such judgment on the ground of fraud. The reasons supporting this view are set forth at length in the authorities which have been cited and it is unnecessary to repeat them here. Assuming, without deciding, that there may be exceptional cases justifying equitable relief on the ground that a judgment was procured by false testimony, there is certainly no showing in the instant case warranting a departure from the general rule. The pleadings in the action in which the judgment was obtained clearly disclosed the issues upon which proof would be offered. Respondent was not misled as to the nature of the evidence he would be required to meet. There is no showing that he was prevented by appellants from fully presenting his case. The jury had a full opportunity of passing on the credibility of the testimony now claimed to be false. There is no good reason to suppose that a court of equity is any more competent to try the disputed issues of fact than the tribunal in which the case was tried.

The contention is also made by appellants that this action is, in effect, one to set aside the judgment upon the ground of after-discovered evidence without first obtaining the permission of this Court to seek such relief, in violation of Rule

24. See *Ward v. Bruce,* 178 S. C. 286, 182 S. E. 759. But the conclusion heretofore stated makes it unnecessary for us to pass upon this question, or to determine whether equitable relief should be denied upon the ground that respondent has an adequate remedy at law. Nor do we intimate any opinion as to whether there is any basis for a new trial on the ground of after-discovered evidence.

There are several other questions raised by appellants, but it is unnecessary to pass upon them.

The order appealed from is reversed and the demurrer sustained.

BAKER, C. J., and FISHBURNE and TAYLOR, JJ., concur.

STUKES, J., not participating.