17132

HELEN DEHART TAYLOR, Respondent, v. JOHN A. TAYLOR, Appellant

(91 S. E. (2d) 876)

*Messrs. Sam R. Watt* and *T. E. Walsh,* of Spartanburg, *for Appellant,*

*Arnold R. Merchant, Esq.,* of Spartanburg, *for Respondent,*

March 14, 1956.

Moss, Justice.

John A. Taylor and Annie Warren Taylor were ceremonially married on August 16, 1917 at Taylors, South Carolina. They lived together until they separated on August 16, 1943. The appellant went to Reno, Nevada on October 1, 1944 and entered the employ of the Navy Ammunition Depot. Thereafter, he instituted an action in the District Court of the County of Washoe, in said State, seeking a divorce from Annie Warren Taylor on the ground that she had wilfully deserted him. He alleged in his complaint that he had been a resident of the State of Nevada for more than six weeks immediately preceding the commencement of the action. He also alleged a property settlement with his wife.

In said action, the said Annie Warren Taylor, the defendant therein, filed a general appearance submitting herself to the jurisdiction of the District Court of the County of Washoe, State of Nevada. In the same instrument she waived all time to demur, answer or otherwise plead and agreed that the case could be set down for trial at the convenience of the Court. This appearance and waiver was duly probated and filed in the District Court as aforesaid.

The case was tried on November 16, 1944. The record shows the filing of the general appearance by the defendant

but she did not file any answer, demurrer or other pleading. A default was entered against the defendant. At the trial of the case, the testimony showed by John A. Taylor and another witness that he was residing in Hawthorne, Nevada and employed at the Ammunition Depot. The testimony also shows that the plaintiff went to Nevada with the intention of making such State his home for an indefinite period. Upon the conclusion of the testimony the Court entered a decree finding that the allegations of the complaint were true and decreeing that the bonds of matrimony existing between John A. Taylor and Annie Warren Taylor are dissolved and each restored to the status of a single person on the ground that Annie Warren Taylor wilfully deserted the plaintiff in such action. The appellant here returned to South Carolina within a year.

The record shows that through a club or matrimonial agency the appellant met Helen Dehart Taylor, the respondent herein. They were ceremonially married on September 20, 1947 and lived together in Spartanburg, South Carolina until their separation in 1952, at which time a separation agreement was entered into, by which the appellant paid to the respondent more than $5,000.00 in money and securities. They agreed to live separate and apart and that the respondent released the appellant from any further obligation for maintenance or support.

The present action is one in which the respondent asks the Court to decree that the divorce of the appellant from Annie Warren Taylor, in the Courts of the State of Nevada, was invalid on the ground that the appellant was not a *bona fide* resident of the State of Nevada and failed to procure adequate and proper service upon his then wife, Annie Warren Taylor. She asserts also that John A. Taylor is still legally married to Annie Warren Taylor and that her purported marriage to the appellant was null and void. She also asks that if the Court should hold that the divorce of the appellant from Annie Warren Taylor in the State of Nevada was valid, that she be granted a divorce on the ground of physi-

cal cruelty and that an award be made for alimony and suit money. The appellant duly answered and asserted that he had obtained a legal and valid divorce from his former wife, Annie Warren Taylor, in the State of Nevada. He also alleged that he and the respondent had entered into a separation agreement whereby the plaintiff released him of any and all obligations arising out of their marital relations and that by reason thereof he was not responsible or liable to her for maintenance and support, nor was she entitled to a divorce from him on the ground of physical cruelty.

The case was referred to the Master of Spartanburg County for the purpose of taking the testimony and reporting his findings. The Master, after taking the testimony of the witnesses produced by the parties, filed his report and recommendations, finding that the appellant was legally divorced from his first wife and that Helen Dehart Taylor was the legal wife of the Appellant. He also found that the respondent had not made out her cause of action for a divorce and recommended dismissal of the complaint.

The respondent excepted to the Report of the Master of Spartanburg County and the exceptions were heard by the County Judge, who filed a decree sustaining the exceptions of Helen Dehart Taylor and holding that the divorce obtained by John A. Taylor in the State of Nevada was invalid. He also that no valid marriage ever existed between the appellant and the respondent.

It should be stated that during the course of the hearing before the Master for Spartanburg County that certain evidence relating to the divorce was objected to and placed upon the excluded sheet. However, it appears that certain of this evidence was considered by the Master and also by the County Judge in reaching their conclusions, even though such evidence was upon the excluded sheet.

The appellant has filed seven exceptions to the Decree of the County Judge and these exceptions raise two questions: (1) Can the County Judge remove matter held to be

incompetent and irrelevant from the excluded sheet where there has been no specific exception thereto; and (2) Did the County Court err in failing to sustain the Master in his finding that the defendant obtained a valid divorce from Annie Warren Taylor in Nevada? These questions will be discussed in the order stated.

The appellant complains that the County Judge considered evidence which had been placed upon the excluded sheet when there was no specific exception thereto. It is not proper to consider questions which were not raised in exceptions to the Master's Report. Numerous cases hold this. *Sanitary & Aseptic Package Co. v. Shealy,* 205 S. C. 198, 31 S. E. (2d) 253; *Verner v. Perry,* 45 S. C. 262, 22 S. E. 888.

We conclude from an examination of the exceptions to the Master's Report that the holding of the Master as to admission of testimony was challenged, even though the exceptions might have been more specific and certain. The respondent asserts that the testimony with reference to the divorce obtained by the appellant in the State of Nevada was relevant. Since both the Master and County Judge considered the evidence with reference to said divorce, we will here consider such. Since the appellant becomes the beneficiary of the holding hereinafter made upon the testimony to which he now objects, he cannot therefore complain of error.

We now consider the question of whether or not the County Judge erred in holding that the Nevada divorce was invalid by reason of the fact that such Court lacked jurisdiction of the parties and of the subject matter of the action.

The appellant asserts that the respondent could not attack the judgment of the decree rendered in the Nevada Court. It is the settled law of this State that the want of jurisdiction over either the person or the subject-matter is open to inquiry where a judgment rendered in one State is challenged in another. *Peoples Na-*

*tional Bank of Greenville v. Manos Bros.,* 226 S. C. 257, 84 S. E. (2d) 857, 45 A. L. R. (2d) 1070. Likewise, it is competent for the courts of this State to inquire into the validity of a divorce granted in another State so far as its validity depends upon the jurisdiction of the court granting such divorce. *Everly v. Baumil,* 209 S. C. 287, 39 S. E. (2d) 905. *Nimmer's Estate v. Nimmer,* 212 S. C. 311, 47 S. E. (2d) 716.

The respondent, in her complaint, alleges the invalidity of the divorce obtained by the appellant from his first wife. She asserts that the appellant was not a bona fide resident of the State of Nevada and that he failed to procure adequate and proper service of process upon his wife. The burden was upon the respondent to prove these allegations of her complaint. She assumed the burden of establishing the invalidity of the Nevada divorce decree. *Sutton v. Leib,* 342 U. S. 402, 72 S. Ct. 398, 96 L. Ed. 448; *Cook v. Cook,* 342 U. S. 126, 72 S. Ct. 157, 159, 96 L. Ed. 146.

In *Cook v. Cook, supra,* it is said:

"A judgment presumes jurisdiction over the subject matter and over the persons. See *Titus v. Wallick,* 306 U. S. 282, 287, 59 S. Ct. 557, 560, 83 L. Ed. 653 [657]. As stated for the Court by Justice Stone in *Adam v. Saenger,* 303 U. S. 59, 62, 58 S. Ct. 454, 456, 82 L. Ed. 649 [651], 'If it appears on its face to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself' ".

The respondent has completely failed to prove the invalidity of the divorce decree obtained by the appellant in the Courts of Nevada. Considering all the evidence there is in the record it shows, and the Court in Nevada so found, that the appellant went to the State of Nevada on October 1, 1944 and immediately obtained employment. It also shows that he went to the State of Nevada with the intention of

making Nevada his home for an indefinite period. It is also undisputed that Annie Warren Taylor filed in the Nevada Court a general appearance. Based upon the testimony, which has been briefly recited, the Nevada Court found that the allegations of the plaintiff's complaint were true and granted the divorce.

The only conclusion that we can reach from the record is that the appellant was a bona fide resident of the State of Nevada and within the period permitted by the law in said State, he instituted an action for a divorce. His wife filed an appearance in said action. Therefore the divorce decree in the State of Nevada was valid. It should be borne in mind that Annie Warren Taylor had the opportunity in the Nevada Court to contest whether or not the appellant had established a bona fide residence there. Upon an adverse ruling she had a right to appeal. She has not exercised either of these rights.

The issue presented here is governed by the Full Faith and Credit Clause of the United States Constitution, Art IV, Sec. 1, and has been adversely determined to the contention of the respondent in the case of *Sherrer v. Sherrer,* 334 U. S. 343, 68 S. Ct. 1087, 92 L. Ed. 1429, and *Coe v. Coe,* 334 U. S. 378, 68 S. Ct. 1094, 92 L. Ed. 1451. In these cases full faith and credit is predicated upon the opportunity of the nonresident defendant to litigate the jurisdictional issue of domicile. It made no difference whether or not the defendant took advantage of such opportunity. It is immaterial whether the defendant in such a divorce proceeding admitted or failed to question or contest the plaintiff's domicile in the divorce jurisdiction. *Cook v. Cook, supra.*

In the case of *Kahn v. Kahn,* 213 S. C. 369, 49 S. E. (2d) 570, 573, this Court said, quoting from the *Sherrer v. Sherrer case, supra* :

" '* * * The requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister State where

there has been participation by the defendant in the divorce proceedings, where the defendant has been accorded full opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree.' "

The Court went on to state:

" '* * * the recognition of the importance of a State's power to determine the incidents of basic social relationships into which its domiciliaries enter does not resolve the issues of this case. This is not a situation in which a State (Mass.) has merely sought to exert such power over a domiciliary. This is, rather, a case involving inconsistent assertions of power by courts of two States of the Federal Union and thus presents considerations which go beyond the interests of local policy, however vital. * * *

" 'It is one thing to recognize as permissible the judicial reexamination of findings of jurisdictional fact where such findings have been made by a court of a sister State which has entered a divorce decree in *ex parte* proceedings. *Williams v. [State of] North Carolina,* 1945, 325 U. S. 226, 65 S. Ct. 1092 (89 L. Ed. 1577, 157 A. L. R. 1366). It is quite another thing to hold that the vital rights and interests involved in divorce litigation may be held in suspense pending the scrutiny by courts of sister States of findings of jurisdictional fact made by a competent court in proceedings conducted in a manner consistent with the highest requirements of due process and in which the defendant has participated. We do not conceive it to be in accord with the purposes of the full faith and credit requirement to hold that a judgment rendered under the circumstances of this case may be required to run the gauntlet of such collateral attack in the courts of sister States before its validity outside of the State which rendered it is established or rejected. That vital interests are involved in divorce litigation indicates to us that it is a matter of greater rather than lesser importance that there should be a place to end such litigation.' "

It is therefore evident that Annie Warren Taylor had the opportunity in the Nevada Court to raise the jurisdictional issue of the appellant's Nevada domicile. She did not see fit to do so and is bound by the Nevada divorce decree, which accorded her every requirement of procedural due process. She has not questioned the validity of the Nevada divorce. It is final and entitled to recognition in this State under the Full Faith and Credit Clause of the United States Constitution.

The respondent was not a party to the Nevada divorce proceeding. Since the parties to the Nevada divorce proceeding were fully bound by the provisions of the decree, all other persons, including the respondent, would have no right to collaterally attack such divorce proceedings. The decree in Nevada took away no rights of the respondent in this case. She was not adversely affected by the divorce decree but rather protected in her marital status and she is not entitled to impeach the decree. *Cook v. Cook, supra; Dietrich v. Dietrich,* 41 Cal. (2d) 497, 261 P. (2d) 269, certiorari denied 346 U. S. 938, 74 S. Ct. 378, 98 L. Ed. 426; *DuPont v. DuPont,* 47 Del. 231, 90 A. (2d) 468, certiorari denied 344 U. S. 836, 73 S. Ct. 46, 97 L. Ed. 651.

It is said in I Freeman on Judgments, 5th ed., 636, paragraph 319:

"It is only those strangers who, if the judgment were given full credit and effect, would be prejudiced in regard to some pre-existing right, that are permitted to impeach the judgment. Being neither parties to the action nor entitled to manage the cause, nor appeal from the judgment, they are by law allowed to impeach it whenever it is attempted to be enforced against them, so as to affect rights or interests acquired prior to its rendition."

We must therefore conclude that the respondent failed to prove the invalidity of the divorce of the appellant from his first wife. We also conclude that the respondent had no right to collaterally attack the divorce decree rendered in the State of Nevada.

Having reached this conclusion it becomes our duty to reverse the Order of the County Judge and remand the case to the County Court of Spartanburg, with directions to dismiss the complaint.

Judgment reversed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.