1462

ALLADIN PLASTICS, INC., Respondent v. WINTENNA, INC., Appellant.

(390 S. E. (2d) 370)

Court of Appeals

*Stephen K. Haigler,* Anderson, *for appellant.*

*Louisa Rice Lund* and *Earle McGee Rice,* Anderson, *for respondent.*

Submitted Jan. 17, 1990.

Décided Feb. 20, 1990.

SANDERS, Chief Judge:

Respondent Alladin Plastics, Inc. sued appellant Wintenna, Inc. to enforce a judgment obtained in Tennessee. Wintenna answered, asserting three defenses. For a first

defense, Wintenna generally denied the allegations of the complaint. For a second defense, Wintenna challenged the jurisdiction of the Tennessee Court to render the judgment. For a third defense, Wintenna counterclaimed against Alladin for damages. Alladin moved to strike the second and third defenses and dismiss the counterclaim. The Circuit Court granted the motion on the ground that "[Wintenna] is precluded from collaterally attacking the Tennessee judgment." (It is undisputed that the decision of the Court to strike the second defense also decided the question of whether to strike the third defense and dismiss the counterclaim.) Alladin then moved for summary judgment. The Circuit Court granted the motion on the ground that, "[s]ince [Wintenna] has not challenged the amount due and owing under the judgment, there is no genuine issue as to the indebtedness." We reverse and remand.

## I

The Circuit Court ruled that the Tennessee judgment was entitled to "full faith and credit." Article IV of the United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U. S. Const. art. IV, § 1. In order to fulfill this mandate "the judgment of a state court should have the same credit, validity and effect, in every other court of the United States, which it had in the state where it was pronounced." *Hampton v. McConnel,* 16 U. S. (3 Wheat.) 234, 235, 4 L. Ed. 378 (1818) (Marshall, C. J.).[1] There are, however, limitations on this principle, chief among which is the limitation that a court is bound to enforce the judgment of a court in another state only if the court in the other state had jurisdiction to

---

[1] In a notable act of eminent good sense, the Congress has mandated by statute precisely the same construction of the Full Faith and Credit Clause as that adopted by the United States Supreme Court when Marshall was Chief Justice. *See* 28 U. S. C. § 1738 (1948) ("[J]udicial proceedings ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken.").

render the judgment.[2] Consequently, and contrary to the ruling of the Circuit Court, a court called upon to enforce a judgment of a court in another state may inquire into whether that court had jurisdiction. *Underwriters Nat. Assur. v. N. C. Life & Accident*, 455 U. S. 691, 102 S. Ct. 1357, 71 L. Ed. (2d) 558 (1982). "If that court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given." *Id.* at 705, 102 S. Ct. at 1366.[3] A party challenging a judgment rendered by a court in another state is not required to go to that state for relief. *Wyman v. Newhouse*, 93 F. (2d) 313, 115 A. L. R. 460, *cert. denied*, 303 U. S. 664, 58 S. Ct. 831, 82 L. Ed. 1122 (1937).[4]

---

[2] The limitation flows directly from the principles underlying the Full Faith and Credit clause. Quite obviously, a judgment rendered by a court without jurisdiction is a nullity. Such a judgment is not enforceable by the court which rendered it, much less by any other court. When a court in another state refuses to enforce such a judgment, the court is not giving the judgment any less credit, validity or effect than it would be entitled to receive in the state where it was pronounced. This analysis is derived, essentially, from footnote 10 of the opinion of the United States Supreme Court in *Underwriters Nat. Assur. v. N. C. Life & Acc., etc.*, 455 U. S. 691, 102 S. Ct. 1357, 71 L. Ed. (2d) 558 (1982).

[3] Decisions by our Supreme Court, as well as this Court, are in accord. *E.g., State v. Campbell*, 242 S. C. 64, 68, 129 S. E. (2d) 902, 903 (1963) ("It is the well settled law of this State that the want of jurisdiction over either the person or the subject matter is open to inquiry where a judgment rendered in one State is here challenged."); *Espinal v. Blackmon*, 298 S. C. 544, 547, 381 S. E. (2d) 921, 923 (Ct. App. 1989) ("[N]otwithstanding the provisions of Article IV, Section 1, of the Constitution of the United States, South Carolina courts have a right to look into a judgment obtained in another state for the purpose of determining whether that other state had jurisdiction."); *cf. Shannon v. Shannon*, 292 S. C. 112, 355 S. E. (2d) 4 (Ct. App. 1987) (where the Court refused to enforce an Illinois judgment because the judgment would not be enforced in that state). In fairness to the Circuit Court, it should be noted that none of these decisions were brought to its attention.

[4] Early cases held that, where a judgment rendered by a court in another state contained affirmative recitals of jurisdictional facts, the only remedy of the defendant was to apply to the court in the other state to vacate the judgment. *E.g., Newcomb v. Peck*, 17 Vt. 302, 44 A. D. 340 (1845). However, it is now well settled that mere recitals are not conclusive, and a judgment rendered by a court in another state may be challenged for lack of jurisdiction notwithstanding its recitals. *Bigelow v. Old Dominion Copper Min. & Smelting Co.*, 225 U. S. 111, 32 S. Ct. 641, 56 L. Ed. 1009 (1912); *accord Seymour v. Seymour*, 259 S. C. 26, 29, 190 S. E. (2d) 502, 503 (1972) ("[T]he full faith and credit clause of the Federal Constitution did not prevent an inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered; and the record of a judgment rendered in another State might be contradicted as to the facts necessary to give the court jurisdiction, notwithstanding a recital in the judgment that such facts did exist.").

Therefore, the Circuit Court erred when it granted the motion to strike, thereby precluding Wintenna from defending against the Tennessee judgment on the ground that the Tennessee Court lacked jurisdiction.[5]

## II

Alladin argues, as an additional sustaining ground, ██ that "there are no facts whatsoever in the record to support a jurisdictional challenge of the Tennessee judgment." In other words, Alladin argues even if the Circuit Court erred in ruling the Tennessee judgment cannot be challenged for lack of jurisdiction, nevertheless, the decision of the Circuit Court should be affirmed because there is no evidence the Tennessee Court did not have jurisdiction to render the judgment. This argument demonstrates a misconception of the nature of a motion to strike. Such a motion seeks to have stricken from a pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." S. C. R. C. P. Rule 12(f). In ruling on such a motion, a Court decides whether a party should be allowed to plead a defense or other matter, not whether there are facts supporting what has been pleaded. When the Circuit Court granted the motion to strike the defense that the Tennessee Court lacked jurisdiction, the Court effectively precluded Wintenna from presenting any evidence proving the defense. Once the Court granted the motion, the only issue remaining in the case was whether Wintenna had paid the judgment. Wintenna has not pleaded payment of the judgment, nor has Wintenna challenged the amount due and owing on it. Thus, the subsequent grant of summary judgment by the Court was a foregone conclusion.

For these reasons, the order of the Circuit Court is re-

---

[5] As the Circuit Court correctly ruled, "the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles upon which the judgment is based." For this principle, the Circuit Court correctly quoted *Hamilton v. Patterson*, 236 S. C. 487, 115 S. E. (2d) 68 (1960). However, the Circuit Court overlooked the qualifying phrase which preceded the language quoted from *Hamilton:* "Where a judgment rendered by a court having jurisdiction of the cause and the parties. . . ." *Id.* at 492, 115 S. E. (2d) at 70.

versed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.

