2300

BANKERS TRUST COMPANY, Respondent v.
Milton BRATEN, Appellant.

(455 S.E. (2d) 199)

Court of Appeals

*Karl L. Kenyon* and *Robert P. Lusk,* both of *Kenyon & Lusk,* Anderson, *for appellant.*

*James M. Brailsford, III* and *William F. Halligan,* both of *Robinson, McFadden & Moore,* Columbia, *for respondent.*

Heard Jan. 12, 1995.

Decided Feb. 13, 1995.

HOWARD, Judge:

This is an action for domestication of a New York judgment obtained by Bankers Trust Company (Bankers) against Milton Braten, a South Carolina resident in the sum of $3,808,198.70. The trial court granted Bankers' motion for summary judgment, from which Braten now appeals. We affirm.

In 1971, Braten executed a personal guaranty of the obligations of Braten Apparel Company (BAC) to Bankers. In 1974, BAC filed a Chapter XI bankruptcy in the Southern District of New York. After confirmation of a plan of reorganization in 1976, the Bankruptcy Court revoked confirmation in 1982 because it found, after trial, that BAC (through Braten and others) fraudulently concealed ownership of a substantial asset. *In re Braten Apparel Corp.*, 21 B.R. 239 (Bankr. S.D.N.Y.), *aff'd*, 26 B.R. 1009 (S.D.N.Y.), *aff'd*, 742 F. (2d) 1435 (2d Cir. 1983). In 1987, after an eight-day hearing, the Bankruptcy Court determined Bankers was entitled to a claim of $2,136,446.43 against BAC. *In re Braten Apparel Corp.*, 68 B.R. 955 (Bankr. S.D.N.Y. 1987) (the 1987 Order). Eventually, the Bankruptcy Court approved a stipulation and Order between the bankruptcy trustee for BAC and Bankers which dismissed with prejudice appeal from the 1987 Order.

Based on its judgment against BAC, Bankers sought to recover from Braten on his personal guaranty. The Supreme Court of New York granted partial summary judgment to Bankers against Braten, totalling $3,808,198.70 including costs and interest. Braten appealed this New York judgment, which was affirmed and is final. *Bankers Trust Co. v. Braten*, 184 A.D. (2d) 239, 586 N.Y.S. (2d) 749 (1992), *appeal denied*, 81 N.Y. (2d) 702, 594 N.Y.S. (2d) 716, 610 N.E. (2d) 389 (N.Y. 1993). In June of 1993, Bankers instituted this action seeking domestication of the final New York judgment in South Carolina. Braten answered Bankers' complaint asserting several defenses, offsets, and counterclaims, including allegations that Bankers procured the New York judgment by making fraudulent representations to New York courts. Bankers filed a reply to Braten's answer and moved for summary judgment, alleging, among other things, that the Full Faith and Credit Clause mandates domestication of the New York judgment despite Braten's allegations of fraud. The trial court granted Bankers' summary judgment motion.

The Full Faith and Credit Clause provides, in part, that "Full Faith and Credit shall be given in each State to the . . . judicial proceedings of every other State." U.S. Const. art. IV, § 1. That is to say, " 'the judgment of a state court should have the same credit, validity and effect, in every other court of the United States, which it had in the state where it was pronounced.' " *Alladin Plastics, Inc. v. Wintenna, Inc.*, 301 S.C. 90, 91, 390 S.E. (2d) 370, 371 (Ct. App. 1990) (quoting *Hampton v. McConnel*, 16 U.S. (3 Wheat) 234, 235, 4 L.Ed 378 (1818)). Thus, a foreign judgment which is regular on its face generally may not be collaterally attacked. *Wold v. Funderburg*, 250 S.C. 205, 157 S.E. (2d) 180 (1967). This general rule does not apply, however, where extrinsic fraud has been practiced to procure the judgment. *Id.*; *Bryan v. Bryan*, 220 S.C. 164, 66 S.E. (2d) 609 (1951).

Extrinsic fraud is that species of fraud which induces a party to default or to consent to judgment against him. Restatement (Second) of Judgments § 70 cmt. c. Extrinsic fraud is "collateral or external to the matter tried such as misleading acts which prevent the movant from presenting all of his case." *Evans v. Gunter*, 294 S.C. 525, 529, 366 S.E. (2d) 44, 46 (Ct. App. 1988). It deprives the complainant of an opportunity to present adequately his claim or defense. Restatement (Second) Conflict of Laws § 115 cmt. d; *see Bryan*, 220 S.C. at 168, 66 S.E. (2d) at 610 (Extrinsic fraud prevents "a party from fully exhibiting and trying his case." (Citation omitted.))

Intrinsic fraud, on the other hand, is defined as "knowing use of perjured testimony or otherwise fabricated evidence." Restatement (Second) of Judgments § 70 cmt. c. It "misleads a court in determining issues and induces the court to find for the party perpetrating the fraud." *Hilton Head Ctr. of S.C., Inc. v. Public Serv. Comm'n*, 294 S.C. 9, 11, 362 S.E. (2d) 176, 177 (1987). Intrinsic fraud is not sufficient to obtain equitable relief from the judgment "on the theory that an issue which has been tried and passed upon in the original action should not be retried in an action for equitable relief against the judgment, and that otherwise litigation would be interminable." 31 Am. Jur. *Judgments* § 655, *quoted in Bryan*, 220 S.C. at 168, 66 S.E. (2d) at 610.

Here, Braten asserts Bankers' New York counsel fraudu-

lently misrepresented during the course of the New York action and BAC's bankruptcy that all of Braten's and BAC's causes of action against Bankers had been dismissed with prejudice, when in fact their claims were still pending. Braten argues that these representations by counsel constitute extrinsic fraud. We disagree.

In reviewing a grant of summary judgment, the facts ■■ and all reasonable inferences must be viewed in light most favorable to the nonmoving party. *Cafe Assocs., Ltd. v. Gerngross,* 305 S.C. 6, 406 S.E. (2d) 162 (1991); *Standard Fire Ins. Co. v. Marine Contracting & Towing Co.,* 301 S.C. 418, 392 S.E. (2d) 460 (1990). Therefore, we assume for purposes of this appeal that all of Braten's allegations of fraud are true. Even so, we hold any fraudulent representations allegedly made to the New York court by Bankers' counsel were intrinsic to the New York action. Therefore, Braten is not entitled to equitable relief from the New York judgment.

The *Bryan* court referred to and adopted perjured testimony as the "classic" example of intrinsic fraud because " 'the materiality of the testimony, and opportunity to attack it, was open at trial.' " 220 S.C. at 169, 66 S.E. (2d) at 611 (citation omitted). We find the fraud allegedly perpetrated by Bankers' counsel to be analogous to this situation. The record clearly shows both BAC and Braten were represented by counsel in the New York action and had ample opportunity to bring to the attention of the New York court any misstatements or fraudulent representations made by Bankers' counsel pertaining to the disposition of pending litigation, either in the hearing resulting in the 1987 Order against BAC in Bankruptcy Court or in the subsequent summary judgment hearing against Braten in the Supreme Court of New York.

Braten contends that "attorney fraud" perpetrated in the course of litigation is an exception to the normal rule that intrinsic fraud is not a basis for relief from a judgment. In support of this argument, Braten relies upon *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), in which the United States Supreme Court granted relief from a judgment because an attorney prepared and published an article which he fraudulently represented to both the patent office and the court as written by a disinterested expert. He used the article not only to fraudulently ob-

tain a patent but to procure a monetary judgment for infringement. Relief from the judgment was granted more than ten years later despite an issue as to proper diligence in uncovering the fraud by the opposing party. *Id.* at 246, 64 S.Ct. at 1001. The *Hazel-Atlas* Court recognized that "[e]quitable relief . . . has always been characterized by flexibility which enables it to meet new situations which demand equitable intervention." *Id.* at 248, 64 S.Ct. at 1002.

The facts in *Hazel-Atlas* are easily distinguishable from the case at bar. In *Hazel-Atlas*, the attorney carried on "a deliberately planned and carefully executed scheme," whereby the opposing litigant and the courts were defrauded through the conclusion of the proceedings, thereby rendering enforcement of the judgment " 'manifestly unconscionable.' " *Id.* at 244-45, 64 S.Ct. at 1000-01. The Court also pointed out that as a patent case, the matter did not merely involve private parties, but involved issues of great public interest. *Id.* at 246, 64 S.Ct. at 1001. By contrast, the misrepresentations made in this case were subject to immediate attack in the proceedings at all relevant times in the New York courts. Braten contends Bankers' counsel "falsely swore, under oath and under penalty of perjury, that Braten's and BAC's claims against Bankers' have all been dismissed with prejudice." By their very nature, such representations are subject to immediate and complete review by reference to the record in such proceedings. Indeed, Braten admits that the falsity of Bankers' statement was "set forth in detail in the opposing affidavit that Braten submitted in opposition to Bankers' motion for summary judgment" in the New York lower court, and the argument was advanced on appeal. Presumably, the New York court considered all evidence before it, including this affidavit, and granted summary judgment against Braten.

We agree with the trial judge that there is no evidence Bankers' alleged fraud prevented Braten from presenting his full case, especially where it appears that Braten actually did challenge the falsity of Bankers' statements. Nor is there any evidence Bankers' alleged fraud induced Braten to default or to consent to judgment against him. Indeed, the record is replete with evidence that Braten has made ample use of the judiciary. Furthermore, we refuse to carve out any exception to the distinction between intrinsic and extrinsic fraud based on

the facts of this case.

Because we have held Braten has no claim of extrinsic fraud, and because we recognize the New York judgment as otherwise valid and binding, Braten's remaining issues raised on appeal are manifestly without merit.

For the foregoing reasons, the judgment of the trial court is

Affirmed.

CURETON and CONNOR, JJ., concur.