484 S.E.2d 595

**COLONIAL PACIFIC LEASING CORPORATION, Respondent,**

v.

**James E. TAYLOR, d/b/a Acceptance Leasing, Appellant.**

No. 2655.

Court of Appeals of South Carolina.

Heard March 5, 1997.

Decided April 14, 1997.

Scott L. Hood, of the Rothwell Law Firm, Columbia, for appellant.

Blaney A. Coskrey, III, Columbia, for respondent.

HOWARD, Judge:

The respondent, Colonial Pacific Leasing Corporation (Colonial), instituted this action to enforce a foreign judgment obtained against the appellant, James E. Taylor, d/b/a Acceptance Leasing (Acceptance). Acceptance appeals the final order enforcing the foreign judgment obtained in Oregon. We affirm.

## FACTS

On November 16, 1990, Acceptance entered into a computer lease agreement with a third party. Acceptance then assigned its interest in the lease to Colonial on the same day. The assignment from Acceptance to Colonial contained a forum selection clause acknowledging Oregon as the forum having jurisdiction over any litigation arising under the assignment.

Colonial and Acceptance subsequently entered into a brokerage agreement to cover the assignment of other contracts. This agreement also contained a forum selection clause selecting Oregon as the forum in which to resolve disputes.

On November 9, 1994, Colonial initiated this action against James E. Taylor d/b/a Acceptance Leasing in Multnomah County, Oregon, alleging breach of the two contracts and fraud. Acceptance made an appearance in the Oregon suit by filing an answer and asserting numerous defenses, including a lack of personal jurisdiction. Acceptance filed no other motions, pleadings, or documents with the court. Colonial then filed a motion for summary judgment. Acceptance did not appear at the hearing to oppose the summary judgment motion. The Oregon court granted summary judgment to Colonial, entering a judgment against Acceptance in the principal amount of $20,611.85, plus attorney fees, costs, and pre- and post-judgment interest.

Colonial then brought this action to enforce the Oregon judgment under the Uniform Enforcement of Foreign Judgments Act, S.C.Code Ann. § 15–35–900 to 960 (Supp.1996). Acceptance filed a motion for relief from a foreign judgment, attacking the personal jurisdiction of the Oregon court. Colonial filed a motion to enforce the judgment. The trial court denied Acceptance's motion and granted Colonial's motion to enforce the Oregon judgment. This appeal followed.

## DISCUSSION

▮ Acceptance asserts the trial court erred in giving Full Faith and Credit to the judgment without allowing inquiry into the underlying basis for personal jurisdiction. The trial court determined that since Acceptance made a general appearance in the Oregon suit, personal jurisdiction could have been litigated by Acceptance in that proceeding.[1] Therefore, under principles of *res judicata*, Acceptance was precluded from further litigating personal jurisdiction. We agree with the trial court.

▮ The Full Faith and Credit Clause does not prevent the litigation of personal jurisdiction in an action to enforce a foreign judgment. *See Peoples Nat'l Bank of Greenville v. Manos Bros., Inc.*, 226 S.C. 257, 275, 84 S.E.2d 857, 866 (1954) ("It is well settled that want of jurisdiction over either the person or the subject matter is open to inquiry where a judgment rendered in one state is challenged in another."); *see also Alladin Plastics, Inc. v. Wintenna, Inc.*, 301 S.C. 90, 92, 390 S.E.2d 370, 371 (Ct.App.1990) ("[A] court called upon to enforce a judgment of a court in another state may inquire into whether that court had jurisdiction.").

▮ The Full Faith and Credit Clause provides, in part, that "Full faith and credit shall be given in each state to the . . . judicial proceedings of every other state." U.S. Const. art. IV, § 1. In essence, the thrust of the clause is that courts of one state must give such force and effect to a foreign judgment as the judgment would receive in its own state. *Hamilton v. Patterson*, 236 S.C. 487, 115 S.E.2d 68 (1960); *Alladin Plastics*, 301 S.C. at 92, 390 S.E.2d at 371. As a result, "a foreign judgment which is regular on its face generally may not be collaterally attacked." *Bankers Trust Co. v. Braten*, 317 S.C. 547, 551, 455 S.E.2d 199, 200 (Ct.App. 1995).

▮ If a judgment debtor appears in a foreign state and loses, then that court's exercise of jurisdiction over him is not subject to collateral attack. The following is a more detailed explanation:

---

1. In fact, Acceptance did raise the issue of personal jurisdiction in its answer.

If a defendant appears to challenge personal jurisdiction, disposition of the challenge is directly binding as a matter of res judicata. A defendant who appears to litigate the merits without properly preserving an objection to personal jurisdiction waives the right to raise the objection in the initial proceeding and is bound by the resulting judgment.

18 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure,* § 4430 (1981). Only a defendant who "remains aloof" by not making an appearance and has a default judgment entered against him may contest the issue of personal jurisdiction in a later proceeding. *Id.*

Moreover, in *Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963), the United States Supreme Court stated:

[W]hile it is established that a court in one State, when asked to give effect to the judgment of a court of another State, may constitutionally inquire into the foreign court's jurisdiction to render that judgment, the modern decisions of this Court have carefully delineated the permissible scope of such inquiry. From these decisions there emerges the general rule that a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.

The Court has reaffirmed this finding in more recent cases. *See, e.g., Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n,* 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982) (holding full faith and credit is due if subject matter jurisdiction is decided by a court); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) ("A party that has had the opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment.").

Our supreme court has adopted this precedent in *Taylor v. Taylor,* 229 S.C. 92, 98, 91 S.E.2d 876, 879 (1956) (quoting *Kahn v. Kahn,* 213 S.C. 369, 377, 49 S.E.2d 570, 573 (1948)), where the court in part stated:

The requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister State where there has been participation by the defendant in the divorce proceedings, where the defendant has been accorded full opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree.

Acceptance filed an answer in the Oregon court and made a general appearance. Acceptance had an opportunity to litigate jurisdictional issues in Oregon. Following the established principles of *res judicata*, the trial court properly concluded Acceptance's jurisdictional claims were now precluded.

For the foregoing reasons, the trial court's decision is

**AFFIRMED.**

HEARN and STILWELL, JJ., concur.