THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 United Capital
 Funding Corporation, a Florida Corporation, Respondent,
 v.
 Technamax,
 Inc., a Foreign Corporation, and Lisa Bryan, an individual, d/b/a Technamax, Defendants,
 of whom Lisa
 Bryan, an individual, d/b/a Technamax is the Appellant.
 
 
 

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity
Unpublished Opinion No. 2009-UP-393
Heard May 27, 2009  Filed July 16, 2009    
AFFIRMED

 
 
 
 Lisa Bryan, of Hilton Head, pro se, for Appellant.  
 Robert E. Stepp, A. Jackson Barnes, and Tina M. Cundari, all of
 Columbia, for Respondent.  
 
 
 

PER
 CURIAM:  Lisa Bryan appeals the master-in-equity's denial of
 her "motion to dismiss" a judgment against her that was entered in
 Florida and recorded in South Carolina.  Bryan argues the master erred in
 refusing to set aside the judgment because the Florida court lacked personal
 and subject matter jurisdiction and the Florida judgment is constitutionally
 defective.  We affirm.  
FACTS
In December 2001, Bryan filed Articles of Incorporation for
 Technamax, Inc., a close corporation, in Maryland.  Bryan was listed as
 Technamax's registered agent and sole director.  On October 7, 2003, the State
 of Maryland administratively dissolved Technamax.  In 2004, Bryan moved from
 Maryland to South Carolina and signed a contract on behalf of Technamax, hiring
 Beacon Technology Group, LLC (Beacon), a South Carolina company, as a
 subcontractor to provide contract labor to Technamax's customers.  Technamax or
 its customers found the labor Beacon provided to be unsatisfactory, and
 Technamax refused to pay Beacon under their contract.  
Under a prior agreement between Beacon and United Capital Funding
 Corp. (United), a Florida corporation, Beacon sold its uncollected accounts to
 United.  United contacted Bryan concerning Technamax's debt to Beacon, and in
 May, June, and July 2004, Bryan tendered three checks to United.  Bryan signed
 the checks, all of which were drawn on Technamax's account.  The three payments
 totaled $41,913.84. 

I.       Florida Lawsuit
In January 2005,[1] United filed suit against Technamax and Bryan individually, doing business as
 Technamax, in Pinellas County, Florida, for $47,258.92, plus interest, attorney's
 fees, and costs.  United's complaint indicated this amount reflected credit for
 the three payments it had received.  An affidavit of service indicates Bryan's
 husband was personally served on February 23, 2005; however, both Bryan and her
 husband filed statements indicating no such service was ever effected and they
 were unaware of the existence of the suit.  
On April 28, 2005, the clerk of the Florida trial court entered a
 default against Bryan individually, doing business as Technamax.  Upon
 receiving notice of United's motion to convert the clerk's default into a final
 judgment, Bryan filed a motion to dismiss or for summary judgment.  On United's
 motion, the trial court struck Bryan's motion as an improper pleading.  Bryan
 retained attorney Peter Graham to represent her in the Florida trial court, but
 when attorney Graham failed to appear, a default judgment was entered by the
 circuit court against Bryan.  Bryan then retained attorney Paul Hitchens, who
 appeared on her behalf and persuaded the Florida trial court to enter an order
 setting aside the default judgment, striking Bryan's improper pro se motion,
 and giving Bryan leave to file an answer.  United appealed this order, arguing
 the Florida trial court had abused its discretion in granting Bryan relief
 because she had failed to make a showing of excusable neglect.  The Florida
 appellate court agreed, reversing and remanding the suit for reinstatement of
 the default judgment.  Subsequently, Hitchens signed a stipulation on Bryan's
 behalf requesting the Florida trial court enter an order reinstating the
 default judgment.  
II.      South Carolina Filing of Judgment
In April 2007, United filed its notice of filing of its Florida
 judgment against Bryan in South Carolina.  Bryan responded with a motion to dismiss
 or stay, seeking a determination the Florida judgment was invalid and,
 therefore, not entitled to full faith and credit.[2]  The
 master-in-equity heard arguments on Bryan's motions in December 2007.[3] 
 Finding Bryan submitted to the jurisdiction of the Florida court when she
 stipulated to re-entry of the default judgment, the master ultimately denied
 her motion to dismiss and found her motion to stay moot.  This appeal followed.
STANDARD OF
 REVIEW
An action to enforce a foreign judgment is an action at law.  Minorplanet Sys. USA Ltd.
 v. Am. Aire, Inc., 368 S.C. 146, 149, 628 S.E.2d 43, 44-45 (2006).  In
 an action at law tried by a master, an appellate court will correct any error
 of law but must affirm the master's factual findings unless no evidence reasonably
 supports those findings.  Sea Cabins on the Ocean IV Homeowners Ass'n v.
 City of N. Myrtle Beach, 337 S.C. 380, 388, 523 S.E.2d 193, 197 (Ct.
 App. 1999); Twelfth RMA Partners, L.P. v. Nat'l Safe Corp., 335 S.C.
 635, 639, 518 S.E.2d 44, 46 (Ct. App. 1999); see also Wigfall v.
 Fobbs, 295 S.C. 59, 60-61, 367 S.E.2d 156, 157 (1988).
LAW/ANALYSIS
I.       Personal and Subject Matter Jurisdiction
Bryan asserts the master erred in declining to dismiss the Florida
 judgment because the Florida court had neither personal jurisdiction over her
 nor subject matter jurisdiction over this dispute.  We disagree.  
The Full Faith and Credit Clause of the United States Constitution
 requires the courts of one state give "such force and effect to a foreign
 judgment as the judgment would receive in its own state."  Col.
 Pac. Leasing Corp. v. Taylor, 326 S.C. 529, 532, 484 S.E.2d 595, 597 (Ct.
 App. 1997); see U.S. Const. art. IV, § 1 ("Full Faith and Credit
 shall be given in each State to the public acts, records, and judicial
 proceedings of every other State.").  
A judgment debtor in South Carolina "may file a motion for
 relief from, or notice of defense to, the foreign judgment . . . on any . . . ground[s]
 for which relief from a judgment of this State is allowed. . . .  The South
 Carolina Rules of Civil Procedure apply.  The judgment creditor has the burden
 of proving that the foreign judgment is entitled to full faith and
 credit."  S.C. Code Ann. § 15-35-940 (2005).  However, "[i]f [a
 judgment] appears on its face to be a record of a court of general
 jurisdiction, such jurisdiction over the cause and the parties is to be
 presumed unless disproved by extrinsic evidence, or by the record
 itself."  Taylor v. Taylor, 229 S.C. 92, 97, 91 S.E.2d 876, 879
 (1956).  If a party successfully proves a judgment is void, then "[o]n
 motion and upon such terms as are just," a South Carolina court may
 relieve the party from his obligations under that judgment.  Rule
 60(b)(4), SCRCP. 
A.      Personal Jurisdiction 
South Carolina law holds "[t]he Full Faith and Credit Clause
 does not prevent the litigation of personal jurisdiction in an action to
 enforce a foreign judgment" if the party did not make a general appearance
 in the foreign jurisdiction.  Col. Pac. Leasing, 326 S.C. at 532-33, 484
 S.E.2d at 596-97 ("Only a defendant who 'remains aloof' by not making an
 appearance and has a default judgment entered against him may contest the issue
 of personal jurisdiction in a later proceeding.").  By the same token, a
 party who "appears [in the foreign jurisdiction] to litigate the merits
 without properly preserving an objection to personal jurisdiction waives the
 right to raise the objection in the initial proceeding and is bound by the
 resulting judgment."  Id. at 533, 484 S.E.2d at 597 (quoting 18 Charles
 A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and
 Procedure § 4430 (1981)).  Similarly, in Florida, "although a court
 has already entered judgment, a party waives the right to contest personal
 jurisdiction by entering a general appearance without contesting personal
 jurisdiction at the same time."  Johnson v. State Dep't of Revenue ex
 rel. Lamontagne, 973 So. 2d 1236, 1239 (Fla. Dist. Ct. App. 2008).  
In determining whether a party made a general appearance in the
 foreign jurisdiction, the laws of the state that rendered the judgment must be
 applied.  Loyd & Ring's Wholesale Nursery, Inc. v. Long &
 Woodley Landscaping & Garden Ctr., Inc., 315 S.C. 88, 91, 431 S.E.2d
 632, 634 (Ct. App. 1993) ("The validity and effect of a foreign judgment
 must be determined by the laws of the state that rendered the
 judgment.").  In Florida, absent a contemporaneous challenge to
 personal jurisdiction, a motion to vacate a default judgment constitutes a
 general appearance and a waiver of the right to contest personal jurisdiction.  Buttigieg v. Prunetti, 610 So. 2d 667, 669 (Fla. Dist. Ct. App. 1992); see
 also Bay City Mgmt., Inc. v. Henderson, 531 So. 2d 1013, 1016 (Fla. Dist.
 Ct. App. 1988).  
We affirm the master's finding the Florida judgment was valid
 because Bryan waived her right to challenge personal jurisdiction.  Bryan
 argues Florida lacked personal jurisdiction over her because she had no contacts
 with Florida, no business dealings therein, and no relationship with United.[4]  Nonetheless, the evidence before us supports
 the master's finding Bryan waived her right to contest personal jurisdiction
 under Florida law.  Not only did Bryan move the Florida trial court to set
 aside the default judgment against her, but through counsel, she submitted to
 re-entry of the default judgment.  See Johnson, 973 So. 2d at
 1239; Buttigieg, 610 So. 2d at 669; Bay City Mgmt., 531 So. 2d at
 1016.  Bryan argues by raising the issue of personal jurisdiction in her
 initial motion to dismiss or for summary judgment, she preserved her right to contest
 personal jurisdiction.  However, the Florida trial court struck this motion as
 an improper pleading.  The order striking this pleading was neither reversed
 nor otherwise modified.  Consequently, the issues raised in the stricken
 pleading were not properly before the Florida trial court.  See George
 J. Karr, D.D.S., P.A. v. Sellers, 620 So. 2d 1104, 1105 (Fla. Dist. Ct. App.
 1993) (holding trial court's striking of defensive pleading rendered default
 judgment proper).  Having waived her right to contest this issue in Florida,
 Bryan is precluded from raising it in a collateral attack in South Carolina.  See Col. Pac. Leasing, 326 S.C. at 533, 484 S.E.2d at 597.  Accordingly, the
 master did not err in finding Bryan waived her challenge to the Florida court's
 exercise of personal jurisdiction.  
B.      Subject Matter Jurisdiction 
Subject matter jurisdiction is the "power to hear and
 determine cases of the general class to which the proceedings in question
 belong."  Dove v. Gold Kist, 314 S.C. 235, 237-38, 442 S.E.2d
 598, 600 (1994); see also In re D.N.H.W., 955 So. 2d 1236, 1238
 (Fla. Dist. Ct. App. 2007) (holding subject matter jurisdiction is conferred by
 statute or constitution and not by consent of the parties).  To the extent an
 objection to subject matter jurisdiction challenges a court's authority to hear
 a certain class of cases, that objection may not be waived.  Pastor v.
 Pastor, 929 So. 2d 576, 578 (Fla. Dist. Ct. App. 2006).  However,
 "[i]f a court has subject matter jurisdiction and that jurisdiction has
 been properly invoked by pleadings and properly perfected by service of
 process, its judgments, although erroneous as to law or fact and subject to
 reversal on appeal, are nevertheless not void."  Palmer v. Palmer,
 479 So. 2d 221, 221 (Fla. Dist. Ct. App. 1985).  Both South Carolina law and
 Florida law hold void a judgment of a court lacking subject matter
 jurisdiction.  Thomas & Howard Co. v. T.W. Graham & Co.,
 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995); Zitani v. Reed, 992 So.
 2d 403, 409 (Fla. Dist. Ct. App. 2008).  
Although the master did not expressly rule on the issue of subject
 matter jurisdiction, it is properly before this court nonetheless.  Subject
 matter jurisdiction may be raised at any time.  GNOC Corp. v. Estate of
 Rhyne, 312 S.C. 86, 88, 439 S.E.2d 274, 275 (1994).  Subject matter
 jurisdiction is rebuttably presumed to exist in foreign judgments presented for
 enforcement in South Carolina.  Taylor, 229 S.C. at 97, 91 S.E.2d at
 879.  However, the record contains no evidence sufficient to rebut the
 presumption that the Florida court was empowered to hear a Florida company's action
 to collect a debt from a foreign judgment debtor.  Consequently, the master did
 not err in finding the Florida judgment was valid and entitled to full faith
 and credit in South Carolina.  
II.      Remaining
 Issues 
Bryan asserts the master erred in declining to dismiss the Florida
 judgment because Florida was an inconvenient forum and the judgment was
 obtained by fraud.  We decline to reach these issues because they are
 unpreserved.
For an issue to be preserved for appellate review, it must have
 been raised to and ruled upon by the master-in-equity.  Ellie, Inc. v.
 Miccichi, 358 S.C. 78, 102-03, 594 S.E.2d 485, 498 (Ct. App. 2004).  An
 appellate court will not consider any issue upon which the master did not
 rule.  Id. at 103, 594 S.E.2d at 498.  If an issue is raised to the
 trial court but not addressed in the court's final order, that issue is only
 preserved for appellate review if raised in a motion pursuant to Rule 59(e),
 SCRCP.  West v. Newberry Elec. Coop., 357 S.C. 537, 543, 593 S.E.2d 500,
 503 (Ct. App. 2004).
Here, Bryan raised these issues in her motion to dismiss or stay. 
 However, the master ruled on only one issue, finding Bryan failed to present
 proof sufficient to overcome the presumption favoring the validity of the
 foreign judgment.  The record does not indicate the master made any additional
 rulings or Bryan raised her additional issues in a Rule 59(e) motion.  Rather,
 Bryan's January 28, 2008, notice of appeal suggests the opposite.  That
 document reflects the master heard and orally denied her motion to dismiss on
 December 3, 2007, and her appeal was from the written order of that denial,
 which she received January 19, 2008.  Because the master did not rule on these
 issues and Bryan failed to raise them in a motion pursuant to Rule 59(e), they
 are unpreserved and not properly before this court.  
CONCLUSION
We find evidence in the record supports the master's decision that
 Florida properly exercised personal and subject matter jurisdiction over Bryan. 
 Therefore, we affirm the order of the master-in-equity on this matter.  We
 decline to reach Bryan's remaining issues because the master did not rule on
 them and Bryan failed to preserve them through a motion pursuant to Rule 59(e).
  Accordingly, the order of the master is 
AFFIRMED.
THOMAS and KONDUROS, JJ., and CURETON, A.J., concur.  

[1] United's complaint was dated January 18, 2004, but
 "2004" appears to be a scrivener's error.  The document bears a 2005
 case number and prays for interest on the debt beginning June 4, 2004.    
[2] Bryan attempted to represent both herself and
 Technamax but was advised South Carolina law does not permit a pro se litigant
 to represent a corporation.  Therefore, her appearance applied only to
 herself.  
[3] The master indicated he made his decision based on
 the pleadings, and no court reporter was present at this hearing. 
 Consequently, no transcript is available for our review.    
[4] Additionally, Bryan asserts she never did business in
 Florida and she neither resided in Florida nor received service of process
 there.  The issue of personal jurisdiction subsumes these additional
 arguments.  Because we find Bryan waived her right to challenge personal
 jurisdiction, we do not address these arguments individually.