THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Clyde Hayward
 Chapman, Respondent,
v.
Reliford Clark,
 Jr., a/k/a Reliford Clark a/k/a Buster J. Clark a/k/a Buster Clark, Jr. and
 Joyce Clark, f/k/a Joyce Clark d/b/a Cooter's Cuts and Supplies, Defendants,
Of whom
 Reliford Clark, Jr., a/k/a Reliford Clark a/k/a Buster J. Clark a/k/a Buster
 Clark, Jr. is the Appellant.
 
 
 

Appeal From Oconee County
Ellis B. Drew, Jr., Master-in-Equity

Unpublished Opinion No. 2012-UP-208
Heard March 1, 2012  Filed March 28, 2012 

AFFIRMED

 
 
 
Bradley A. Norton and Keith G Denny, both
 of Walhalla, for Appellant.
Corinne B. Cannon, of Clemson, for
 Respondent.
 
 
 

PER CURIAM:  Reliford Clark appeals the determination
 that he was not entitled to an equitable partnership accounting prior to the
 enforcement of a foreign order by a former partner who has the rights of a
 judgment creditor.  We affirm pursuant to Rule 220(b)(1), SCACR, and the
 following authorities:  U.S. Const. art. IV, § 1 ("Full faith and credit
 shall be given in each state to the . . . judicial proceedings of every other
 state."); Colonial Pac. Leasing
 Corp. v. Taylor,  326 S.C. 529, 532,
 484 S.E.2d 595, 597 (Ct. App. 1997) ("In essence, the thrust of the clause
 is that courts of one state must give such force and effect to a foreign
 judgment as the judgment would receive in its own state."); Abba Equip.,
 Inc. v. Thomason,  335 S.C. 477, 483, 517 S.E.2d 235, 238 (Ct. App. 1999)
 ("The purpose of the [Uniform Enforcement of Foreign Judgments Act] is to
 provide a simpler, more expedient procedure to enforce foreign judgments. . .").
AFFIRMED.
Pieper, Konduros, and Geathers, JJ., concur.